The defendants have appealed from a final judgment in favor of the plaintiffs in a case involving a collision in Martin County between motor vehicles owned and operated by the respective parties. The defendants seek reversal of the judgment on two grounds, both of which relate to the refusal of the trial judge to admit certain evidence proffered by the defendants.
As to the first assignment of error the record shows that as the result of the collision the driver of the defendants' motor vehicle was killed. The plaintiffs' driver, one Graham, was severely injured in the accident and was removed to a hospital in Palm Beach County for medical and surgical care and treatment. The day following the accident, one Purtle, a Florida Highway Patrolman in charge of investigating the accident in Martin County, requested one Randall, a Florida Highway Patrolman stationed in Palm Beach County, to interview Graham and secure from him a written statement concerning the details of the collision. Acting pursuant to his instructions, Randall interrogated plaintiffs' driver and the answers given in response to this interrogation were written down by Randall in longhand and signed by Graham as his statement of the accident. Thereafter, the signed statement was forwarded by Randall to Purtle to enable the latter to complete his accident report to be filed with the State Department of Public Safety. Whether the statement furnished by Randall to Purtle was ever incorporated in the report made by Randall, is not shown by the record.
When this case came on for trial in the court below the defendants called Randall as a witness for the purpose of having him testify to the substance of the statement made to him by plaintiffs' driver. *Page 362 
The plaintiffs objected to this testimony on the ground that the statements made by plaintiffs' driver to the highway patrolman with respect to the accident were privileged and could not be used in any trial arising out of the accident. The objection was sustained and the defendants have assigned this ruling as error.
It is our view that the trial court did not commit reversible error in excluding the proffered testimony. Section 317.13, Florida Statutes, 1941, F.S.A. requires the driver of a motor vehicle involved in an accident resulting in injury to, or death of, any person or total property damage to an extent of fifty dollars or more, within twenty-four hours after such accident, to forward a written report of such accident to the Florida Department of Public Safety. A failure on the part of a driver to make and forward such a report is declared by statute to be a misdemeanor. See Sec. 317.04(2), Florida Statutes, 1941, F.S.A. Section 317.13 also requires every law enforcement officer who in the regular course of his duty investigates such a motor vehicle accident, whether at the time of and at the scene of the accident or thereafter by interviewing participants or witnesses, to forward a written report of such accident to the Department, within twenty-four hours after completing such investigation.
By reason of the requirements of Section 317.13, the driver of plaintiffs' motor vehicle was charged with the duty of making a written report of the accident to the Department of Public Safety. We think he discharged that duty when in answer to questions propounded to him by Randall, a Florida Highway Patrolman then acting in the line of duty as a representative of the Department, he gave the patrolman a full account of his version of the accident which was reduced to writing and signed by him. The oral statements made by him were as much a part of the report of the accident as was the written statement prepared by Randall from the oral statements and signed by the driver to be forwarded to Purtle. Section 317.17, Florida Statutes, 1941, F.S.A. provides that "All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting" and that "No such report shall be used as evidence in any trial * * * arising out of an accident." When the circumstances under which the signed statement was procured are considered, we think that it would have constituted a violation of the statute to have held that though the written statement signed by the driver was privileged, the oral statements shown by the evidence to have formed the basis for the written statement did not enjoy such immunity. McBride v. Stewart, 227 Iowa 1273, 290 N.W. 700; Vandell v. Roewe, 232 Iowa 896, 6 N.W.2d 295; Bachelder v. Woodside, 233 Iowa 967,9 N.W.2d 464; State v. Williams, 238 Iowa 838, 28 N.W.2d 514; Scott v. Torrance, 69 Ga. App. 309, 25 S.E.2d 120.
The appellants rely on certain California cases cited in their brief to support their position that error was committed in excluding the proffered testimony of the witness Randell, but in our opinion the cases cited are either not in point or are easily distinguishable on the facts. A California case later in point of time than those contained in the brief is Carpenter v. Gibson,80 Cal.App.2d 269, 181 P.2d 953, and we think that a close analysis of that case will support the conclusion we have reached herein. Ritter v. Neiman, 329 Ill. App. 163, 67 N.E.2d 417, has been cited by the appellants to support their position, but we think it is distinguishable. For in the case it was not shown that the statements made by the participant in the accident which later were testified to by the investigating officer were made to him for the purpose of forming a basis for the official report required to be filed by the participant.
In Haddad v. Brown Root, Tex.Civ. App., 175 S.W.2d 269, overruled by Brown Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339, the only question was whether an accident report made and filed by an investigating officer (which, so far as the record showed, contained no statements by the participants in the accident to the investigating officer) could be used by the defendant to impeach the investigating officer with respect to certain statements made by him at *Page 363 
the trial which were at variance with the report. This case, therefore, cannot be said to support either the appellants' or appellees' contention, for it is clearly not in point.
Airline Motor Coaches v. Howell, Tex. Civ.App., 195 S.W.2d 713, appears at first glance to support the position of the appellants but it, too, has its distinguishing features. In the case aportion of a written statement made by a participant in an accident to an investigating officer was allowed in evidence, over objection of the adverse party, for the purpose of impeaching the participant as to contradictory statements made by him on the witness stand. Later, the objecting party placed in evidence the entire written statement. Though the court made certain observations with respect to the propriety of such a statement or portion thereof being admitted as evidence in the trial, under the Texas motor vehicle laws, we think the real question in the case was whether the introduction of the entire
statement by the objecting party operated as a waiver of the objection made to the introduction of a portion thereof by the adversary.
We would be less than fair to the parties were we not to concede that certain cases from other jurisdictions appear to support the contentions advanced by the appellants. However, such cases are not binding upon this court but are only persuasive, and we are under no duty to follow them if we think another course is more consonant with justice and reason. We hold that the trial judge acted correctly in excluding the testimony of the witness Randall.
The second contention made by the defendants is that the trial court committed reversible error in refusing to admit into evidence a certified copy of the proceedings in a criminal case prosecuted in the County Court of Martin County, and subsequently affirmed on appeal by the Circuit Court of Martin County, wherein the driver of the plaintiffs' motor vehicle was convicted of a violation of the traffic laws of the State for his participation in the accident which gave rise to the pending civil trial.
We find no error in this ruling. It is a general rule supported by the great weight of authority that a judgment of conviction in a criminal prosecution cannot be given in evidence in a civil action to establish the truth of the facts on which it was rendered. Though the rule is not without its exceptions, the facts of the case at bar do not come within any of the recognized exceptions. See 30 Am.Jur. pp. 1002-1006, Judgments Secs. 289-294; Interstate Dry Goods Stores v. Williamson, 91 W. Va. 156, 112 S.E. 301, 31 A.L.R. 261; 57 A.L.R. 504; Schindler v. Royal Ins. Co., 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1145; 130 A.L.R. 690.
The judgment appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.