79 So.2d 776 (1955)
Allan Milton MOSELEY, Appellant,
v.
Charles E. EWING, Appellee.
Supreme Court of Florida. Special Division A.
April 22, 1955.
Rehearing Denied May 17, 1955.
*777 Henry Burnett and Fowler, White, Gillen Yancey & Humkey, Miami, for appellant.
Sylvester Adair, Homestead, and Samuels & Thomas, Hollywood, for appellee.
SEBRING, Justice.
The appeal is from a judgment for damages in favor of the plaintiff in a suit involving an automobile accident that occurred on U.S. Highway No. 1 near Homestead, Florida. The plaintiff was injured when a motor vehicle which he was driving was hit from the rear by a motor vehicle driven by the defendant, as the plaintiff turned into the highway from an intersecting street.
During the course of the trial, plaintiff's counsel, on cross examination, asked the defendant if he had been charged with the offense of reckless driving as the result of the accident. An objection made by the defendant on the ground that the question was immaterial and irrelevant was overruled by the court, and the defendant answered the question in the affirmative. The defendant was then asked whether or not he had been convicted of reckless driving upon the charges lodged, and fined for the offense, to which the same objection was voiced, the same ruling was made, and the defendant was compelled to answer that he had been convicted of reckless driving and fined as the result of such conviction.
The defendant below contends that the refusal of the trial court to sustain the objections to the questions constituted reversible error. The plaintiff maintains that inasmuch as the only objection made was the general objection of immateriality and irrelevancy, the contention of the appellant is without merit.
We cannot agree with the position taken by the plaintiff.
Some of the decisions are to the effect that an objection to the admissibility of evidence on the general grounds of immateriality, irrelevancy or incompetency, without specifying why or in what particular the question is immaterial, irrelevant or incompetent, is tantamount to no objection at all and is generally insufficient upon which to predicate reviewable error. Shandrew v. Chicago, St. Paul, M. & O.R. Co., 8 Cir., 142 F. 320; Minchen v. Hart, 8 Cir., 72 F. 294; Eli Mining & Land Co. v. Carleton, 8 Cir., 108 F. 24; Davidson Steamship Co. v. United States, 8 Cir., 142 F. 315. But even the decisions that lay down this rule recognize that when the reasons for ruling a given question immaterial, irrelevant or incompetent are obviously and clearly discernible, an objection on these grounds, without more, will be sufficient. Shandrew v. Chicago, St. Paul, M. & O.R. Co., supra; Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343; Burlington Ins. Co. v. *778 Miller, 8 Cir., 60 F. 254; Missouri Pac. Ry. Co. v. Hall, 8 Cir., 66 F. 868; Guarantee Co. of North America v. Phenix Ins. Co., 8 Cir., 124 F. 170. The same qualification is made in the opinions of this Court on the point: "`General objections to evidence proposed * * * are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances.'" Caldwell v. People's Bank of Sanford, 73 Fla. 1165, 75 So. 848, 852. (Emphasis supplied.) In the final analysis, as to the allegedly general nature of the objection on the ground of irrelevancy, that appears to be precisely the ground upon which the courts base the exclusion of evidence of criminal convictions  that the obvious difference in objects, issues, procedure and results in civil and criminal proceedings, particularly in the case of traffic violations, renders such evidence clearly "not relevant or admissible." Pollard v. Harbin, 56 Ga. App. 172, 192 S.E. 234, 235, and cases cited in annotation 18 A.L.R.2d 1287. (Emphasis supplied.)
It is established in this jurisdiction that a judgment of conviction in a criminal case is not admissible in a civil case to establish the truth of the facts on which it was rendered. Stevens v. Duke, Fla., 42 So.2d 361; 30 Am.Jur., Judgments, Secs. 289-293, inclusive. And it does not appear that the precise inquiries directed to appellant, in the circumstances of this case, could have been properly made under any of the recognized exceptions to this rule. See annotation 18 A.L.R.2d 1307.
While we realize that a certified copy of the judgment in the criminal proceedings in which the defendant was convicted of reckless driving was not offered in the instant proceeding, as was the case in Stevens v. Duke, supra, the defendant was compelled by reason of the rulings of the trial court, to supply the identical information that would have been furnished by the introduction of the judgment of conviction; namely, that he had been convicted of reckless driving as the result of the accident. In principle, we can see no material difference between compelling the defendant to make this palpably prejudicial disclosure from the witness stand and allowing the plaintiff to put this clearly inadmissible evidence before the jury by the use of a certified copy of the judgment of conviction.
We hold, therefore, that the admission of the evidence, over the objection of the defendant, constituted reversible error, and that the reasons for ruling the questions immaterial or irrelevant to the issue were so "obviously and clearly discernible" that the general grounds urged by the defendant to the inadmissibility of such evidence were sufficient to require a ruling and to constitute a proper basis for a review of the error.
Other grounds for reversal of the judgment have been urged but in view of the conclusions we have reached we do not deem it necessary to decide them.
The judgment should be reversed and a new trial had on the issues made by the pleadings.
It is so ordered.
MATHEWS, C.J., TERRELL, J., and KANNER, Associate Justice, concur.