88 So.2d 507 (1956)
Charles EGGERS, Appellant,
v.
PHILLIPS HARDWARE COMPANY, a Florida Corporation, Appellee.
Supreme Court of Florida, En Banc.
May 23, 1956.
Rehearing Denied July 16, 1956.
George L. Knight, Miami, for appellant.
Blackwell, Walker & Gray and Lane, Muir, Wakefield, Frazier & Lane, Miami, for appellee.
PER CURIAM.
This is an appeal by plaintiff from a jury verdict and judgment in favor of defendant entered in a suit for damages filed by him to recover for injuries sustained when, as he was attempting to walk across a street at a street intersection in the City of Miami, he was hit by a truck owned by defendant and being driven by defendant's employee.
The principal issue here is whether the trial judge erred in admitting in evidence the testimony of the investigating officers that they did not arrest the defendant's employee for a violation of any of the city's traffic ordinances as a result of their investigation of the accident. We have concluded that this was error
It is settled law in this jurisdiction that evidence of defendant's conviction or acquittal in a criminal proceeding is not admissible in a civil suit against the defendant arising out of the occurrence which formed the basis of the criminal charge against him. Stevens v. Duke, Fla. 1949, 42 So.2d 361; Wirt v. Fraser, Fla., 30 So.2d 174. The reason for this rule of inadmissibility is that "the obvious difference in objects, issues, procedure and results in civil and *508 criminal proceedings, particularly in the case of traffic violations, renders such evidence clearly `not relevant or admissible.'" Moseley v. Ewing, Fla., 79 So.2d 776, 778. An arrest is but the initial step in a criminal proceeding leading to the conviction or acquittal of the accused, and we think the quoted statement is just as applicable to an arrest as to a conviction or acquittal of a criminal charge. While the court did not expressly so hold in the Moseley case, we have noted that the defendant in that case was asked whether he had been charged with a traffic offense, as well as whether he had been convicted thereof; and, in holding that such evidence was inadmissible, the court did not distinguish between the two questions. If such testimony cannot be elicited from a defendant, it is equally irrelevant when sought to be elicited from the investigating officer.
The plaintiff's objection to the question was timely made, and it was sufficient to apprise the trial judge of the nature of the objection. Cf. Moseley v. Ewing, supra, 79 So.2d 776. It was, then, error to allow the investigating officers to testify that they did not arrest the defendant, and we cannot say that it was harmless error.
It is true that the evidence showed that the investigating officers did not arrive at the scene until several minutes after the accident occurred, nor did they question the traffic control officer  who saw the accident and testified at the trial that the defendant "ran" a red light  as to his version of the affair. But it was shown that the investigating officers interrogated witnesses at the scene, and the jury could have inferred either that these witnesses did not tell the investigating officers that the defendant ran a red light or that these officers did not believe such statements, if made. There was a direct conflict in the evidence at the trial on this vital point, and it may well be that the fact of the non-arrest of defendant might have balanced the issue in favor of the defendant. We think that the ends of justice would be best served by submitting this issue to another jury, so that it can be decided without the defendant's having the benefit of the inadmissible evidence in question.
The plaintiff has argued other questions on this appeal, but has failed to persuade us of reversible error in these respects.
For the reasons above stated, the judgment must be reversed and the cause remanded for a new trial.
Reversed and remanded.
DREW, C.J., and HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
TERRELL and THOMAS, JJ., dissent.