135 So.2d 1 (1961)
Paul F. HENDRICK, Petitioner,
v.
Phillip J. STRAZZULLA, Frank Strazzulla and Dominic Strazzulla, co-Partners, d/b/a Strazzulla Brothers Company, and Juan Flores, Respondents.
No. 31153.
Supreme Court of Florida.
November 22, 1961.
Langbein, Burdick & Silvian, West Palm Beach, for petitioner.
Earnest, Pruitt, Newell & Schulle, West Palm Beach, for respondents.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of the *2 District Court of Appeal, Second District, because of an alleged conflict with a prior decision of this Court on the same point of law. See Hendrick v. Strazzulla, Fla.App., 125 So.2d 589.
We are called upon to consider a ruling of the trial judge regarding the admissibility of a record of conviction of a crime in order to discredit a witness.
Petitioner Hendrick was plaintiff in an action for damages arising out of a collision of two trucks. At the trial one of the defendants, who was the driver of one of the trucks, was asked on cross-examination, "Have you ever been convicted of a crime?" He replied, "No." The examining attorney thereupon proffered into evidence a certified copy of a record revealing that the witness had been convicted of the crime of reckless driving in the Criminal Court of Record of Palm Beach County. Defense counsel's objection to the introduction of the record was sustained by the trial judge on the ground that impeachment of the credibility of a witness under section 90.08, Florida Statutes, F.S.A., could be accomplished only by showing that the witness had been convicted of a crime involving moral turpitude. The judge relied on Roe v. State, 96 Fla. 723, 119 So. 118. On appeal, the District Court of Appeal affirmed the ruling of the trial judge. While making reference to the basis upon which the trial judge made his ruling, the District Court of Appeal bottomed its conclusion on decisions of this Court in Stevens et al. v. Duke, Fla., 42 So.2d 361, and, Moseley v. Ewing, Fla., 79 So.2d 776. We are now requested to review the decision of the District Court of Appeal on the ground that it conflicts with the decision of this Court in McArthur v. Cook, Fla., 99 So.2d 565.
In McArthur we held Section 90.08, Florida Statutes, F.S.A., to be applicable to both civil and criminal proceedings. It was pointed out that evidence of conviction of a crime might well influence a jury in evaluating the credibility of a witness. We undertook to outline the procedural approach to be followed in bringing the matter to the attention of the judge and jury. It was also pointed out that if a witness admits a prior conviction the inquiry by his adversary must end at that point. On the other hand, if the witness denies the prior conviction, the adversary may produce and file in evidence the record of any such conviction as a reflection on the credibility of the witness. In McArthur we suggested that the record be tendered when the time arrived for the interrogator to present his side of the case. In the instant case it is noted that the record of conviction was tendered on cross-examination of the witness and the point is suggested that it was not proffered by the plaintiff in rebuttal. The procedural point is not important here because the trial judge had expressly stated that he would not allow the introduction of the record for the reason that the crime revealed was not one of moral turpitude. When the judge so ruled it became unnecessary for the plaintiff to undertake the useless step of offering the record a second time.
The trial judge relied upon Roe v. State, 96 Fla. 723, 119 So. 118. While the opinion in Roe v. State, supra, did contain a discussion of the necessity for the presence of moral turpitude in any crime revealed to discredit a witness, actually this was not an aspect of the holding of the Court. It was expressly announced to be a question considered "but not decided." Insofar as Section 90.08, Florida Statutes, F.S.A., was concerned, the only point decided by Roe v. State, supra, was that the violation of a municipal ordinance does not constitute a "crime" and that the record of a conviction of a municipal offense is not admissible to discredit a witness under the statute.
In the decision under review the Court of Appeal relied upon Stevens et al. v. Duke et al., supra, and Moseley v. Ewing, supra. The rule of the decisions relied upon by the District Court is not the controlling proposition in the situation revealed by *3 this record. In Stevens and Moseley the only point decided simply was that the record of a criminal court conviction is not admissible in evidence as proof of a fact essential to recovery in a civil case. For example, the fact that a defendant in a negligence action was convicted of reckless driving in the criminal court as a result of the collision can not be offered in evidence to prove his negligence. However, such was not the situation involved in the instant trial. Here, as permitted by Section 90.08, Florida Statutes, F.S.A., the witness was interrogated as to whether he had ever been convicted of a crime. He answered, "No." Then, as also expressly authorized by the statute, the attorney for the plaintiff tendered the record of the conviction solely as a basis for discrediting the witness. In the cases relied upon by the District Court the record of conviction was offered as primary evidence to prove an essential fact. In the instant case the record of conviction was offered solely to discredit the witness who could have avoided his predicament by telling the truth in the first instance.
While it might seem logical that the statute should limit the discrediting crimes to those which reflect moral turpitude, the fact remains that the Legislature has not made any such provision. Under the statute "a crime is a crime" and no distinction is made between crimes as to the effect of the statute. An exception, of course, is perjury, the conviction of which is a complete disqualification.
In McArthur v. Cook, supra, we interpreted the statute to apply without making any distinction as to the crime involved, and we held the record of a prior conviction admissible to discredit a witness who had previously denied such conviction. By its opinion the Court of Appeal announced a decision directly contrary to the point of law which we decided in McArthur v. Cook, supra. The decision of the Court of Appeal will, therefore, have to be set aside. The decision under review is quashed and the cause is remanded to the District Court of Appeal, Second District, for the entry of a judgment consistent herewith.
It is so ordered.
TERRELL, HOBSON and O'CONNELL, JJ., concur.
ROBERTS, C.J., and THOMAS and DREW, JJ., dissent.