RAWLS, Chief Judge.
Defendants, World Wide Rent-A-Car, Olin’s Rent-A-Car System and Charles O. Hatfield, appeal from a judgment for damages in favor of Plaintiff Freda P. Bosh-nack in this suit involving an automobile accident. A collision occurred between the defendants’ car which was owned by World Wide, leased to Olin’s and driven by Olin’s: employee Hatfield, and a car in which plaintiff was a passenger and which was driven by her husband.
Defendants argue that the trial judge committed error by (1) permitting plaintiff to ask defendant Hatfield if he pleaded guilty to a crime which arose out of the accident, even though timely objection was interposed by defendants, and permitting introduction of a certified copy of the criminal conviction, and (2) permitting an investigating officer to give opinion testimony as. to fact and law over the objection made by defendants. We agree and reverse.
As to point one, plaintiff in the absence of the jury called defendant Hatfield as her witness and proffered Hatfield’s testimony to the effect that he had pleaded guilty to the crime of driving at a speed too great for conditions. During the proffer, plaintiff’s *468 attorney stated to the court: “* * * this document [a certified copy of the said judgment of conviction which reflected that Hatfield had pleaded guilty] is not offered for the purpose of impeachment of this witness. This document is offered as an admission against interest, and as an admission against interest it is the law of this State, and every state in this nation, that this document may be introduced into this civil matter if it is relevant to the issues here. One of the issues that is before the Court and jury as has already been brought out by previous testimony and argument is the speed of this man when he was driving that automobile.” The trial judge overruled defendants’ objections and advised plaintiff that the proffer would be permitted. Upon the jury being recalled to the box, plaintiff’s attorney examined Hatfield as follows:
“Q Mr. Hatfield, have you ever pled guilty to a crime in the State of Florida ?
“A Yes.
“Q What was that charge?
“A Driving too fast for conditions.
“Q Did that charge arise out of this accident of November the 8th, 1962?
“A Yes, sir, it did.
"MR. TINDELL: Your Honor, I offer this certified copy into evidence.
“MR. GOSNEY: To which we object, and if it is agreeable with counsel, my same objections made out of the presence of the jury I would like to restate by making reference to them without having to repeat or restate them in the presence of the jury.
“THE COURT: Let the record so state Mr. Gosney’s objections. This will be allowed in as Plaintiff’s Exhibit Number 2 in the case of Freda P. Boshnack versus World Wide Rent-A-Car.”
Contrary to plaintiff’s position, it appears that the law is well settled in this jurisdiction that a conviction of a crime such as the one here considered is not admissible in a civil action. In Stevens v. Duke,[1] it was contended by defendant that the trial judge erred in refusing to admit into evidence a certified copy of the proceedings in a criminal case wherein the driver of plaintiff’s motor vehicle was convicted of a violation of the state traffic laws. The Supreme Court in affirming the trial judge held: “It is a general rule supported by the great weight of authority that a judgment of conviction in a criminal prosecution cannot be given in evidence in a civil action to establish the truth of the facts on which it was rendered.” (Emphasis supplied.)
Moseley v. Ewing [2] is an automobile accident case closely in point. During the course of that trial, plaintiff’s counsel asked the defendant if he had been charged with the offense of reckless driving as the result of the accident. Defendant was compelled to answer. In reversing the judgment, the Supreme Court held:
“It is established in this jurisdiction that a judgment of conviction in a criminal case is not admissible in a civil case to establish the truth of the facts on which it was rendered. Stevens v. Duke, Fla., 42 So.2d 361; 30 Am.Jur., Judgments, Secs. 289-293, inclusive. And it does not appear that the precise inquiries directed to appellant, in the circumstances of this case, could have been properly made under any of the recognized exceptions to this rule. See Annotation 18 A.L.R.2d 1307.
*469 “While we realize that a certified copy of the judgment in the criminal proceedings in which the defendant was convicted of reckless driving was not offered in the instant proceeding, as was the case in Stevens v. Duke, supra, the defendant was compelled by reason of the rulings of the trial court, to supply the identical information that would have been furnished by the introduction of the judgment of conviction; namely, that he had been convicted of reckless driving as the result of the accident. In principle, we can see no material difference between compelling the defendant to make this palpably prejudicial disclosure from the witness stand and allowing the plaintiff to put this clearly inadmissible evidence before the jury by the use of a certified copy of the judgment of conviction.”
We find no facts in the instant cause to distinguish it from the facts appearing in the Stevens and Moseley cases. Therefore, we cannot find that this case falls within any recognized exceptions to the rule laid down by our Supreme Court.
Appellee insists that Hatfield’s testimony and the certified copies of the records of the County Judge’s Court are distinguishable from the Stevens and Moseley cases upon the fact that Hatfield’s plea of guilty constitutes an admission against interest which is admissible in evidence, whereas the foregoing cited cases dealt with judgments of convictions which are not admissible in evidence. We are unable to comprehend that distinction. An adjudication of a defendant’s guilt must be made by the Court. It is immaterial whether such adjudication is made upon a plea of guilty by defendant or a verdict of guilty returned by a jury, for in either case the adjudication of guilt is termed a judgment of conviction. As stated in Moseley, supra, and reiterated in Eggers v. Phillips Hardware Co.[3]:
“The reason for this rule of inadmissibility is that ‘the obvious difference in objects, issues, procedure and results in civil and criminal proceedings, particularly in the case of traffic violations, renders such evidence clearly ‘not relevant or admissible.’ ”
Appellee cites Hendrick v. Strazzulla[4] in support of her position. The Hendrick case dealt with the introduction of a record of conviction for the purposes of impeachment and not for the establishment of a fact. Justice Thornal, author of the opinion, pinpointed this distinction when he stated:
“In Stevens and Moseley the only point decided simply was that the record of a criminal court conviction is not admissible in evidence as proof of a fact essential to recovery in a civil case. For example, the fact that a defendant in a negligence action was convicted of reckless driving in the criminal court as a result of the collision can not be offered in evidence to prove his negligence. * * * In the cases relied upon by the District Court the record of conviction was offered as primary evidence to prove an essential fact. In the instant case the record of conviction was offered solely to discredit the witness who could have avoided his predicament by telling the truth in the first instance.” [5]
We now consider defendant’s second point which concerns the testimony of a state trooper who was questioned during the course of trial by plaintiff as to the speed limit applicable to the intersection where the accident occurred. The intersection was not located within *470 the limits of a municipality and a speed limit was not posted in the area. The state trooper, over the objection of defendant, testified that the speed limit was thirty miles per hour. The trooper testified inter alia that as a highway patrolman his duties are to enforce the traffic laws of this state; that enforcement of the speed laws was a part of his duties; that he was knowledgeable about the speed laws; and even though the speed limit was not posted on Eleventh Street, the speed limit was thirty miles per hour. Such testimony was obviously not permissible since a proper predicate was not laid. To permit a witness to so testify would allow the witness to establish a speed limit at a particular location. We are not here confronted with the opinion testimony of an expert as to a reasonable speed for a particular locale under certain conditions. This witness testified positively that the speed limit was thirty miles per hour without predicating his testimony upon any authority save his own. On cross examination the witness elaborated upon his direct testimony and stated: “And I know, also, that in a residential or business area the speed limit is thirty miles per hour day or night”, and that he was governed by the statutes of the State of Florida. He was then asked: “Is it not true, sir, that the statutes provide that you have to have in excess of fifty per cent of the area adjoining the highway, either business or residential, in order to apply the speed restrictions ?” and his answer was: “That is not correct.”
Section 317.221(2), Florida Statutes, F.S.A., reads:
“(a) The maximum speed limit for motor vehicles on the highways except those a part of the national system of interstate and defense highways, shall be:
* * * * * ❖
“1. Thirty (30) miles per hour in business or residence districts.”
Section 317.011, Florida Statutes, F.S.A.,. defines “Business District” in paragraph: (4) as:
“The territory contiguous to, and including, a highway when fifty per cent or more of the frontage thereon, for a distance of three hundred feet or more, is occupied by buildings in use for business.”
Therefore, the legislature of the State of Florida had established applicable speed' limits in nonposted areas. A review of the contents of the foregoing statutes emphasizes the necessity of the evidentiary-rule requiring a proper predicate for one-testifying as to the laws of the State. The reason for such rule is more apparent-when viewed in conjunction with the-trooper’s testimony. A proper foundation, for the testimony in question required an introduction of the speed law as established by the governing authority followed by testimony showing same to be-applicable to the physical area concerned. Such was not done, and the statement, of the trooper as to speed limit was not: admissible.
In view of our conclusion, it is unnecessary to review appellant’s remaining points-on appeal.
Reversed with directions to set aside the judgment and grant a new trial.
STURGIS and JOHNSON, JJ., concur..

. Stevens v. Duke, 42 So.2d 361 (Fla.1949).

. Moseley v. Ewing, 79 So.2d 776, 778 (Fla.1955).

. Eggers v. Phillips Hardware Company, 88 So.2d 507, 508 (Fla.1956).

. Hendrick v. Strazzulla, 135 So.2d 1 (Fla.1961).

.Id. at p. 3.