195 So.2d 216 (1967)
Freda P. BOSHNACK, Petitioner,
v.
WORLD WIDE RENT-A-CAR, INC., a New York Corporation, Olin's Rent-a-Car System, Inc., a Florida Corporation, and Charles O. Hatfield, Respondents.
No. 35432.
Supreme Court of Florida.
February 8, 1967.
Rehearing Denied March 9, 1967.
*217 Orfinger & Tindell, Daytona Beach, for petitioner.
Cliff B. Gosney, Jr., Daytona Beach, and J. Lewis Hall, of Hall, Hartwell, Hall & Canada, Tallahassee, for respondents.
ERVIN, Justice.
We are petitioned for a certiorari review of the decision of the District Court of Appeal, First District, in World Wide Rent-A-Car, Inc. et al. v. Boshnack, 184 So.2d 467.
An automobile collision occurred between a car owned by World Wide Rent-A-Car but leased by it to Olin's Rent-A-Car System and driven by Olin's employee, Charles O. Hatfield, and a car in which Freda P. Boshnack was a passenger. The two car rental companies and Hatfield were sued by Freda P. Boshnack to recover damages for personal injuries she sustained in the collision. She recovered judgment in the Circuit Court, which the District Court of Appeal reversed in said reported opinion.
Petitioner, Mrs. Boshnack, contends that there is conflict between certain appellate decisions and the following language in the opinion of the District Court:
"Appellee insists that Hatfield's testimony and the certified copies of the records of the County Judge's Court are distinguishable from the Stevens and Moseley cases upon the fact that Hatfield's plea of guilty constitutes an admission against interest which is admissible in evidence, whereas the foregoing cited cases dealt with judgments of convictions which are not admissible in evidence. We are unable to comprehend that distinction. An adjudication of a defendant's guilt must be made by the Court. It is immaterial whether such adjudication is made upon a plea of guilty by defendant or a verdict of guilty returned by a jury, for in either case the adjudication of guilt is termed a judgment of conviction. * * *" (at 469)
It is noted from the quotation Mrs. Boshnack, the Appellee, sought to get the District Court to recognize that defendant Hatfield's plea of guilty in a criminal prosecution constituted an admission against interest which was properly admissible in her civil suit since both cases involved the same circumstances. This the District Court refused to do. No doubt it was influenced to refuse because Appellee at the trial was not content to rest upon Hatfield's testimony that he had plead guilty in the criminal case but introduced in evidence with the trial court's permission a certified copy of the judgment of Hatfield's conviction which reflected his plea of guilty. The District *218 Court considered the decided cases made no distinction between judgments of conviction based upon jury verdicts and those resulting from pleas of guilty. It said: "It is immaterial whether such adjudication is made upon a plea of guilty by defendant or a verdict of guilty returned by a jury, for in either case the adjudication is termed a judgment of conviction."
A close analysis of our decisions denotes we have made such a distinction although primarily by reference to other legal authorities rather than by direct pronouncement in our decisions.
In State v. DuBose, 152 Fla. 304, 11 So.2d 477, and in Stevens v. Duke (Fla.), 42 So.2d 361, we noted the existence of the well-established rule that a judgment of conviction in a criminal prosecution cannot be given in evidence in a civil action to establish the truth of the facts on which it is rendered, but simultaneously we also noted certain recognized exceptions to said rule, one of which is that a judgment entered in a criminal prosecution on a plea of guilty may be introduced in a civil action to establish an admission against interest. In the latter cited case, we referred to the following authorities which denote recognized exceptions to said rule:
"* * * See 30 Am.Jur. pp. 1002-1006, Judgments Secs. 289-294; Interstate Dry Goods Stores v. Williamson, 91 W. Va. 156, 112 S.E. 301, 31 A.L.R. 261; 57 A.L.R. 504; Schindler v. Royal Ins. Co., 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1145; 130 A.L.R. 690." (at 363)
The sections of American Jurisprudence cited in Stevens, supra, are now found in 30A Am.Jur., §§ 472-477. Section 477 points out one of the exceptions referred to by this Court in Stevens, viz.:
"There are cases in which a plea of guilty to a criminal offense or a conviction based upon such a plea is held to be admissible in a subsequent civil action, providing the plea is relevant to the issues involved in the civil case; but in such case, the record of the plea or conviction is admitted, not as establishing the fact, but as a deliberate declaration or admission of the party himself that the fact is true. The basis of admissibility is the declaration against interest, rather than the conviction as independent, objective evidence. A party pleading guilty in a criminal proceeding has even been held to be precluded thereby from denying his guilt in a subsequent civil action. On the other hand, there is authority that such a plea is not conclusive but may be explained. It is also held that the plea affects only the interests of the person making it and that the plea cannot be used against others, although the results of the cases are not in accord upon this point."
In the case of Interstate Dry Goods Stores v. Williamson, 91 W. Va. 156, 112 S.E. 301, 31 A.L.R. 261, also cited in Stevens, supra, that court was confronted with a similar problem and said:
"If this judgment had been rendered upon a plea of guilty, the record of that plea could be introduced, not as conclusive evidence against the defendant, but as admission on his part. It would not differ from an extrajudicial admission of liability made by him, except that more importance might be attached to it because of the solemnity attaching to the surroundings under which it was made, and the deliberation attending the entering of such a plea."
In the cited annotation to 31 A.L.R. 261, at page 278, the exception to the general rule is stated:
"An exception to the rule that a judgment in a criminal prosecution cannot be received in a civil action, to establish the truth of the facts on which it was rendered, has been held to arise where the defendant in the criminal case pleaded guilty, and the record showing such plea is offered in evidence in a civil action against him growing out of the same offense, such a record being admitted *219 not as a judgment establishing the fact, but as the deliberate declaration or admission against interest that the fact is so, or in other words, a solemn confession of the very matter charged in the civil action."
The annotations found in 80 A.L.R. 1145 and 130 A.L.R. 690 state the exception to the general rule in identical terms, while Schindler v. Royal Insurance Co., 258 N.Y. 310, 179 N.E. 711, indicates the trend of authority to admit judgments of conviction in certain cases, even on a plea of "not guilty," as prima facie evidence of the facts in issue.
Even the quotation from Moseley v. Ewing (Fla. 1955), 79 So.2d 776, in the opinion of the District Court upon which it strongly relies for its reversal on this point, makes reference to recognized exceptions to said rule and in particular to the annotation in 18 A.L.R.2d 1307. There it appears:
"In civil actions where one of the issues is the guilt of a person convicted of a criminal offense, or some fact necessarily involved in the determination of such guilt, the courts are agreed that it is proper to admit evidence of the person's plea of guilty to the criminal offense."
Compare, also, the decisions of the District Court of Appeal, Second District, in Parker v. Perfection Cooperative Dairies, 102 So.2d 645, and Kuhn v. Telford, 115 So.2d 36.
The case of Hendrick v. Strazzulla (Fla. 1961), 135 So.2d 1, is relied upon by Respondents to negate the said exception to said rule recognized in State v. DuBose and Stevens v. Duke, supra. But it does not appear that Hendrick v. Strazzulla involved a situation where a judgment was entered in a criminal prosecution on a plea of guilty which was sought to be introduced in evidence in a civil case dealing with the same facts in order to demonstrate an admission against interest. It only appears therein that a defendant was convicted of an offense, presumably by a jury's verdict.
The foregoing considered, we quash so much of the judgment of the District Court of Appeal, First District, which fails to recognize the exception to the rule which permits the testimony of the defendant Hatfield that he pled guilty in the criminal case and the introduction of the certified copy of the judgment of conviction reflecting said plea as an admission against interest.
We find no conflict of decision or error as to the merits in the decision of the District Court concerning the inadmissibility of the testimony of a state trooper as to the speed limit applicable to the intersection where the accident occurred.
The petition is granted only to the extent indicated and the cause is remanded with direction that the new trial conform to our opinion and judgment herein.
It is so ordered.
THORNAL, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.
THOMAS and CALDWELL, JJ., dissent.