TURNER, et ux v. CONNER.
No. 7465.

Circuit Court, Lake County.

May 22, 1968.

James W. Markel, Winter Park, for plaintiffs.

Herbert A. Langston, Jr., Orlando, for defendant.

W. TROY HALL, Jr., Circuit Judge.

This cause coming on for consideration upon plaintiffs' motion for new trial, and the court being otherwise fully advised in the premises through oral argument by each counsel heard on October 3, 1967, and through memorandums of authorities filed by each

counsel, counsel for plaintiffs having abandoned the other grounds of his motion at the hearing held on October 3, 1967, the sole issue for determination being —

> Whether a ruling by the trial judge excluding from jury consideration the court records of the municipal court of the city of Mt. Dora, as well as testimony by the custodian of these records, which records and testimony showed that the defendant had pleaded guilty to a traffic violation, was a prejudicial error of law which would require the granting of a new trial . . .

Counsel for the plaintiffs has argued that the trial docket of the municipal court of the city of Mt. Dora or the court docket or testimony by the custodian of these records should have been considered by the jury on the grounds that, in the face of the defendant's denial under oath that he had pleaded guilty to a traffic violation, documentary evidence or testimony of defendant's plea should have been construed to be an admission against interest by the defendant or should have been allowed as impeachment of the defendant. Plaintiffs' counsel's primary authority is Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967), which decision holds that a judgment of conviction in a criminal prosecution on a plea of guilty may be introduced in a civil action to establish an admission against interest. Plaintiffs' counsel has cited Akin v. State, 86 Fla. 564, 98 So. 609 (Fla. 1923), as authority for the principle of law that the exclusion of legal and competent evidence tending to prove a material fact is grounds for a new trial where the exclusion has prejudiced the party offering such evidence.

Defendant's counsel has cited Harwell v. Blake, 180 So.2d 173 (2d D.C.A. Fla. 1965), as authority for the exclusion from jury consideration of the trial docket as well as the court docket in that their form fails to meet the requirements of Florida Statute §92.10. Defendant's counsel has cited Hendrick v. Strazzula, 135 So.2d 1 (Fla. 1961), in support of his argument that a conviction in a municipal prosecution on a plea of guilty is not admissible in a civil action because the violation of a municipal traffic ordinance is not a crime. Defendant's counsel has relied upon Breen v. State, 84 Fla. 518, 94 So. 383 (Fla. 1922), in support of his argument that the exclusion of the offered evidence did not result in prejudice to the plaintiffs, because, from a consideration of the entire record, the plaintiffs were not injuriously affected.

The facts surrounding the introduction of evidence of the plea of guilty are as follows —

Plaintiffs' counsel offered in evidence a traffic citation issued by the police department of the city of Mt. Dora charging the defendant with "Driving without Lights", a violation of a Mt. Dora Ordinance which adopted the provisions of Florida Statute §317.591. On the reverse side of this citation appeared the form for a "Trial Docket" in which the word "guilty" was underlined in the language, "Said Defendant arraigned for trial/hearing on this *6th* day of *July*, A. D., *1964*, and entered a plea of *guilty* to the charge as set forth herein". Plaintiffs' counsel also offered in evidence a document entitled "Court Docket" and dated "July 6, 1964". This document had 8 columns consisting of "Date", "Name of Defendant", "Charges", "Tick. No.", "Arresting Officer", "Bond Posted", "Disposition" and "Date of Disp.". On line 13 of this document appeared the defendant's name and under the column labeled "Disposition" was the notation "guilty, $25.00, pd. 8-18-64", there being no column or notation for recording defendant's plea. After defendant's counsel objected to the form and admissibility of these documents, the trial judge excluded them from jury consideration.

When plaintiffs' counsel requested that testimony explaining these documents be considered, the jury was excused while such testimony was offered. Plaintiffs presented the testimony of an officer of the police department of the city of Mt. Dora. This officer testified that, in addition to his duties as a police officer, he was the clerk for the municipal court and was required to be present at all trials to record pleas entered by making a notation on the reverse side of the traffic citation. He testified that, sometime after a trial was held, he would record the disposition of each case on the document entitled "Court Docket". The officer further testified that he had been present during the trial of the defendant, that he had heard the defendant plead guilty and that he had underlined the word "guilty" in the trial docket form.

In rebuttal of this testimony, defendant's counsel presented testimony by a former officer of the city police department who is presently a trooper with the Florida Highway Patrol. This officer testified that he had been present during the trial of the defendant, that he had heard defendant plead "not guilty" and that he had witnessed defendant's protestations following the municipal judge's adjudication of guilt.

After hearing the conflicting testimony surrounding defendant's plea, the trial judge ruled that all evidence and testimony concerning the traffic citation and defendant's plea be excluded from evidence.

From a consideration of the entire record as well as authorities cited by counsel for the respective parties, the court being otherwise fully advised in the premises, it is ordered and adjudged that plaintiffs' motion for new trial is denied for the following reasons —

1. There has been no affirmative showing of prejudice to the plaintiffs resulting from the exclusion of the offered evidence.

2. The "Trial Docket" form and "Court Docket" form fail to comply with the provisions of Florida Statutes §92.10 in that they were not properly authenticated with the seal of the municipal court of the city of Mt. Dora. In addition, the decision of Harwell v. Blake, 180 So.2d 173 (2d D.C.A. Fla. 1965), controls the facts of the instant case because the form of the docket sheet in the Harwell case was, as in this case, ambiguous as to defendant's plea and was therefore not admissible evidence.

3. The testimony with respect to defendant's plea by the city police officer who acted as clerk of the municipal court should not have been considered by the jury in that such testimony was in conflict with the testimony of a former city police officer. Such testimony was subject to question since the officer acted both as a police officer and as custodian of the court records. As a result, this testimony would tend to produce a confusion in the minds of the jurors in excess of the legitimate probative effect of such evidence so that the true issue before the jury of defendant's negligence would tend to be obscured rather than illuminated. See Perper v. Edell, 44 So.2d 78 (Fla. 1950).

4. The decision of Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967), is not applicable to the present facts. An examination of the facts surrounding the Boshnack decision, see World Wide Rent-A-Car, Inc. v. Boshnack, 184 So.2d 467 (1st D.C.A. Fla. 1966), reveals that the plea of guilty and subsequent conviction were rendered in a county judge's court, a constitutional court of record. Such constitutional court of record can be assumed to have adopted procedural safeguards surrounding any plea to a criminal charge, these safeguards often being absent in the majority of the municipal courts of this state. This court is mindful of the warning sounded by the annotator in 18 A.L.R. 2d 1290 against giving undue weight to convictions for traffic violations in civil actions involving large sums of money.