354 So.2d 426 (1978)
Dwight HATFIELD, Appellant,
v.
Michael J. YORK, Appellee.
No. 76-2127.
District Court of Appeal of Florida, Fourth District.
January 24, 1978.
*427 Robert V. Romani of Farish & Farish, West Palm Beach, for appellant.
Maureen McGill and Monroe A. Coogler, Jr., of Adams, Sullivan, Coogler & Watson, West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
In a three-count amended counterclaim appellant seeks damages for assault and battery, false arrest and malicious prosecution. The trial court dismissed with prejudice all three counts because appellant alleged that he pled guilty to assault and battery, resisting arrest without violence and indecent exposure, the same criminal charges which he alleged were maliciously instituted by the appellee. He attempts to avoid the effect of his previous pleas of guilty by alleging that the pleas were procured through fraud, perjury or other corrupt means, contending that the finder of fact should be allowed to weigh the guilty pleas as evidence in the case.
In civil actions where one of the issues is the guilt of a person convicted of a criminal offense, or some fact necessarily involved in the determination of such guilt, it is proper to admit evidence of that person's plea of guilty to the criminal offense. The guilty plea is admissible as a declaration against interest and may be considered by the finder of fact, but it does not as a matter of law establish the truth of the facts upon which the judgment of guilt was rendered. Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967).
In the present case, counts one and two allege causes of action which are not vitiated by appellant's admission that he pled guilty to certain criminal charges arising out of the same incident. In spite of appellant's guilty pleas, he may still be able to present evidence from which a jury could find that he was the victim of an assault and battery and a false arrest.
A different situation exists, however, as to count three. An essential element of malicious prosecution is a bona fide termination of the original criminal charges in favor of the claimant. The original criminal charges in this case obviously were not terminated in appellant's favor because he pled guilty. The deficiency is not cured by the allegation that these pleas were procured through fraud, perjury or other corrupt means.
We hold that the trial court erred in dismissing counts one and two for assault and battery and false arrest, but correctly dismissed count three for malicious prosecution.
AFFIRMED in part, REVERSED in part, and REMANDED.
DREW, E. HARRIS (Retired), and STETTIN, HERBERT, Associate Judges, concur.