456 So.2d 1336 (1984)
Anthony NUNEZ, a Minor, Appellant,
v.
Estrella GONZALEZ, and Mary E. Mahon, As Personal Representative of the Estate of Indalecio Nunez, Appellees.
No. 83-1937.
District Court of Appeal of Florida, Second District.
October 12, 1984.
*1337 Mary L. Taylor and Andrew K. Macfarlane of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Lee S. Damsker of Maney & Damsker, Tampa, for appellee Estrella Gonzalez.
Mary E. Mahon of Mary E. Mahon, P.A., Tampa, for appellee Mary E. Mahon as Personal Representative of the Estate of Indalecio Nunez.
GRIMES, Judge.
This is a dispute over life insurance proceeds payable upon the death of Indalecio Nunez who was killed by his ex-wife and primary beneficiary, Anita Nunez. Ms. Nunez has assigned her claim under the policies to Anthony Nunez, the minor son of Ms. Nunez and the decedent. The estate and Estrella Gonzalez, the decedent's mother, oppose Anthony's claim because the decedent died at the hands of his ex-wife. Pursuant to a plea bargain, Ms. Nunez pled guilty to manslaughter in the killing of her ex-husband. On this basis, the court entered summary judgment against Anthony. He now appeals.[1]
In Carter v. Carter, 88 So.2d 153 (Fla. 1956), the supreme court held that the beneficiary of a life insurance policy could not "receive the proceeds of a policy on the life of one whom he unlawfully and intentionally killed."[2] While admitting that Ms. Nunez unlawfully killed her ex-husband, Anthony contends that her guilty plea to manslaughter *1338 does not conclusively prove that she intentionally killed him. He argues that he should be permitted to introduce psychiatric testimony at trial that Ms. Nunez did not have the requisite intent to be held responsible for her actions.
It is well settled that a judgment of conviction in a criminal prosecution cannot be introduced into evidence in a civil action to establish the truth of the facts upon which it was rendered. Stevens v. Duke, 42 So.2d 361 (Fla. 1949). However, a judgment entered in a criminal prosecution on a plea of guilty may be introduced in a civil action to establish an admission against interest. Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967). The court in Hatfield v. York, 354 So.2d 426 (Fla. 4th DCA 1978), reversed an order which had dismissed a complaint for assault and battery and false arrest because the plaintiff had pled guilty to criminal charges arising out of the incident upon which the complaint was based. The court stated:
In civil actions where one of the issues is the guilt of a person convicted of a criminal offense, or some fact necessarily involved in the determination of such guilt, it is proper to admit evidence of that person's plea of guilty to the criminal offense. The guilty plea is admissible as a declaration against interest and may be considered by the finder of fact, but it does not as a matter of law establish the truth of the facts upon which the judgment of guilt was rendered.
354 So.2d at 427.
In reaching its conclusion, the court below reasoned:
ANITA NUNEZ, after successfully negotiating a favorable plea bargain in the criminal proceedings by abandoning her insanity defense and pleading guilty to manslaughter, now wishes to assert that she was, in fact, temporarily insane at the time of the commission of the offense in the civil proceedings. The Court finds that ANITA NUNEZ' plea of guilty to manslaughter cannot be divisible. Having gained legal benefit of her negotiated plea bargain to a plea of manslaughter she cannot be heard to state that the legal effect of this plea is not applicable in civil proceedings. Goldstein v. Goldstein, 310 So.2d 361, 365 (Fla. 3d DCA 1975). See also Grauer v. Occidental Life Insurance Company of California, 363 So.2d 583 (Fla. 1st DCA 1978); Palm Beach Company v. Palm Beach Estates [110 Fla. 77], 48 So. 544 (1933).
Goldstein v. Goldstein, 310 So.2d 361 (Fla. 3d DCA 1975), distinguishable on its facts, is one in a line of cases which holds that a man who places assets in his wife's name for his own purposes cannot later claim in dissolution proceedings that such assets were his all the time.
The remaining cited cases and others relied upon by the appellees apply the doctrine of equitable estoppel. This doctrine precludes a person from maintaining a position inconsistent with another position which was asserted at a previous time. The principle is inapplicable to this case, however, because it rests upon the premise that the opposing party has acted in reliance upon the prior inconsistent conduct.[3]Robertson v. Robertson, 61 So.2d 499 (Fla. 1952); Fotomat Corp. v. R.B. Films, Inc., 366 So.2d 1213 (Fla. 1st DCA 1979); United Contractors, Inc. v. United Construction Corp., 187 So.2d 695 (Fla. 2d DCA 1966). None of the appellees were involved in the criminal proceeding against Ms. Nunez, and they cannot be said to have changed their position in reliance upon her *1339 negotiated guilty plea. Therefore, while Ms. Nunez' conviction upon her guilty plea and any relevant admissions made by her during the plea colloquy may be introduced as evidence of an "intentional" killing, they do not conclusively resolve the issue of whether her claim to the insurance proceeds is barred.
Anthony also seeks to appeal an adverse ruling on a motion in limine. This is an unappealable order, so we will treat the argument as if made in a petition for certiorari. As such, we find no departure from the essential requirements of law and deny the petition.
We reverse the order dismissing Anthony's claim under count I and remand for further proceedings.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] We have concluded that this cause of action is severable from the other causes of action which remain pending in the trial court so as to permit an appeal at the present time. See Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974).
[2] Although subsections (3) and (5) of section 732.802, Florida Statutes (Supp. 1982), appear to bear directly upon the case at hand, this legislation was not enacted until after the death of Indalecio Nunez.
[3] There is also a principle, not yet fully developed in Florida law, which precludes a person who has taken a position under oath in prior litigation from taking a contrary position in subsequent litigation even where different parties are involved. See Moore v. Neff, 629 S.W.2d 827 (Tex.Civ.App. 1982); 28 Am.Jur.2d Estoppel and Waiver § 71 (1966). This so-called doctrine of judicial estoppel would not apply here because Ms. Nunez did not enter her plea under oath.