567 So.2d 505 (1990)
ESTATE OF Patricia WALLACE, et al., Appellants,
v.
Linda FISHER, et al., Appellees.
No. 90-352.
District Court of Appeal of Florida, Fifth District.
September 20, 1990.
*506 Kenneth A. Studstill of Kenneth A. Studstill, P.A., Titusville, for appellants.
Raymond R. Gates of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellees.
COWART, Judge.
This case involves (a) admissibility of evidence that officer issued, or did not issue, citation as evidence that traffic ordinance *507 was violated; (b) whether a defendant is entitled to a jury instruction on no-fault threshold of a permanent injury and (c) the sufficiency of evidence entitling defendant to a comparative negligence instruction as to traffic ordinance possibly violated by plaintiff.
Lisa Wallace backed a motor vehicle owned by her mother, Patricia Wallace, out of the driveway to her house onto Williams Avenue preparatory to driving south on that street when her vehicle was struck in the rear by a vehicle driven by Linda Fisher Sexton, owned by Beau Chrysler Plymouth and insured by Security Insurance Company of Hartford. Lisa was issued a citation for improper backing; Linda was not issued a traffic citation. The insurer paid Linda for personal injuries and Beau Chrysler Plymouth for damages to its vehicle and brought this subrogation action for negligence against Lisa and her mother as defendants. The jury returned a verdict finding Lisa 100% negligent; the trial judge denied a new trial and the defendants, Lisa and her mother's estate, appeal.

TRAFFIC CITATION AS EVIDENCE OF NEGLIGENCE:
During the trial, over the defendants' objection, the trial court admitted into evidence a police officer's testimony that he issued the defendant Lisa a traffic citation for improper backing and that he did not issue the nominal plaintiff Linda any traffic citation. This was prejudicial and reversible error.
Traffic ordinances often prohibit specific conduct that is legislatively deemed likely to cause harm to others. When this is so and the same conduct that is prohibited by a traffic ordinance is alleged in a civil action to be negligent conduct causing injury or damage the traffic ordinance becomes in law somewhat of a legislative minimum standard of due care as to that specific conduct and evidence of the traffic ordinance and of the alleged conduct violating it is admissible in evidence under an instruction[1] to the jury that if they find the evidence shows a party violated the traffic ordinance, then that finding is some evidence of negligence. Probative evidence of the conduct prohibited by the ordinance (and therefore of negligence) is admissible on the issue. When the conduct prohibited by ordinance is the same conduct alleged to be negligent, the question sometimes naturally arises as to whether evidence that a party violated the ordinance (as distinguished from direct evidence of the conduct itself) is admissible as implicative evidence of the conduct. Although not the rule in Florida,[2] other authorities have held that when a violation of an ordinance is considered criminal, in the sense that proof of guilt must be established beyond a reasonable doubt, then evidence of a proper conviction of the criminal conduct is admissible in a civil action in which the criminal defendant's same conduct is in issue because of the lesser standard of proof (greater weight or preponderance) in the civil case.[3] However, traffic ordinance violations are now commonly civil infractions[4] and when so evidence of guilt of the civil infraction is inadmissible as evidence in a civil action as *508 proof of the conduct itself.[5] Evidence of a voluntary and knowing plea of guilty to a traffic ordinance, whether it is considered a criminal or a non-criminal infraction, is admissible in a civil action as an admission, by implication, of the conduct prohibited by the ordinance.[6] However, section 318.14(4), Florida Statutes, prohibits the use as evidence in any other proceedings an admission by a person, in a non-criminal traffic infraction, in the form of payment of the fine for such infraction by mail.
A traffic citation constitutes only a formal charging document or assertion against the accused. A police officer may be a witness as to the conduct in question, or of an admission made by a party and when so he may be a competent witness to testify as to what he observed or heard.[7] However, when an officer issues, or decides not to issue, a traffic citation in a particular instance, he is but acting on his own interpretation of any relevant ordinance and his own belief and opinion as to the facts relating to the defendant's conduct. The police officer's interpretation of the ordinance and his beliefs and opinions as to the evidentiary facts are inadmissible in a civil action in which the judge interprets the ordinance or law and the jury (as judge) finds the facts based on their beliefs and opinions, the evidence and the jury instructions. Evidence that an officer either issued, or did not issue, a traffic citation is not admissible to show that the defendant did or did not violate a particular traffic ordinance or evidence that the defendant either did, or did not do any particular act.[8]Eggers v. Phillips Hardware Co., 88 So.2d 507 (Fla. 1956); see also Moseley v. Ewing, 79 So.2d 776 (Fla. 1955). Therefore improperly admitted evidence of the issuance or non-issuance of a traffic citation in a particular instance is prejudicial and reversible.[9]

JURY INSTRUCTION ON NO-FAULT THRESHOLD REQUIREMENT OF A PERMANENT INJURY
Under Florida's no fault law neither Linda, nor her subrogated insurer, is entitled to recover damages for personal injuries to the nominal plaintiff Linda caused by the negligent operation of the Wallace motor vehicle by the defendant Lisa unless the plaintiff first establishes, as required by section 627.737(2)(b), Florida Statutes, that Linda suffered a "permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." This is a condition precedent or threshold requirement to the plaintiff's right to recover damages for Linda's personal injuries in this case. The plaintiff should allege this condition precedent to recovery in the plaintiff's complaint[10] and in addition to the other issues in the case (negligence, injuries, legal cause, comparative negligence, etc.), the defendant was entitled to have the jury instructed that a threshold issue was whether the plaintiff sustained "permanent injuries within a reasonable degree of medical probability other *509 than scarring or disfigurement" and if that fact is not established by a preponderance of the evidence, the plaintiff is not entitled to recover damages for any permanent injuries.[11] The trial court erred in failing to give such an instruction.
Permanency of injury is considered in the Florida Standard Jury Instructions only in model instruction 6.9a relating to life expectancy and the use of mortality tables. Unfortunately the Standard Jury Instructions do not contain an instruction on the no-fault threshold issue of permanent injury contained in section 627.737(2)(b) and should be amended to do so. The trial judge in this case declined to give such an instruction requested in writing by the defendant because the defendant offered no authority to instruct on that issue. The statute establishing such permanency as a condition precedent to recover for personal injuries resulting from a motor vehicle creates the issue necessitating an instruction and is the only authority needed but an appropriate form of standard jury instruction would not only be helpful to the bench and bar but could avoid unusual expensive litigation such as in this case.[12]

JURY INSTRUCTION ON COMPARATIVE NEGLIGENCE BASED ON POSSIBLE TRAFFIC INFRACTION BY PLAINTIFF
The defendants appeal the trial court's denial of the defendants' request that the jury be instructed in accordance with Standard Jury Instruction 4.11 that if the jury found that the nominal plaintiff Linda violated either section 316.183 (unlawful speed) or section 316.1925 (careless driving) the jury was permitted to consider that fact in determining if the plaintiff Linda was guilty of negligence which contributed to causing the accident which negligence should be compared with the negligence, if any, of the defendants, in assessing the amount of reasonable damages. The trial judge gave an instruction based on Florida Standard Jury Instruction 4.10 which generally states the legal principle that violation of a traffic regulation prescribed by statute is evidence of negligence but declined to instruct the jury on the two statutes apparently on the basis that there was no evidence upon which the jury could lawfully conclude that at the time of the accident the nominal plaintiff Linda was violating the statutes prohibiting speeding and careless driving.[13] Perhaps, consistent with this erroneous admission of evidence that the police officer did not issue a traffic citation to Linda, the trial court believed such evidence affirmatively established that Linda was not speeding or careless or perhaps the trial court agreed with plaintiff's counsel's assertions that there was no evidence of such speeding or careless driving. In either event we disapprove and reverse. There was evidence upon which *510 the jury could have reasonably found those facts. The speed limit was 25 miles per hour and, while at one point Linda testified that she was doing 25 miles per hour or less at another point she was going 28 or 30 miles per hour. The issue as to if Linda was speeding and, if so, exactly when and where and how much or whether it contributed to the accident, should have been left to the jury to decide. Likewise, Linda testified that before the accident she noticed Lisa Wallace's vehicle backing out but commencing to apply her brakes she looked into her rearview mirror to see how close a following vehicle was and struck the Wallace vehicle before she looked back ahead. This fact alone, or in combination with other evidence relating to the general driving conditions, would support a jury finding that Linda was guilty of careless driving and violation of the statute and of some degree of negligence.
The trial court order denying a new trial is reversed and the cause remanded for a new trial in accordance with this opinion.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] See Standard Jury Instruction 4.11.
[2] Florida courts have consistently held that a judgment of conviction in a criminal prosecution is not admissible in a civil action as evidence of the facts upon which it is based. Boshnack v. Worldwide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967); Moseley v. Ewing, 79 So.2d 776 (Fla. 1955); Stevens v. Duke, 42 So.2d 361 (Fla. 1949); Wirt v. Fraser, 30 So.2d 174 (Fla. 1947); State v. DuBose, 152 Fla. 304, 11 So.2d 477 (1943). See also Nell v. International Union of Operating Engineers, 427 So.2d 798 (Fla. 4th DCA 1983) and see Annot., Conviction or Acquittal as Evidence of the Facts on Which it was Based in Civil Action, 18 A.L.R.2d 1287 (1951).
[3] Federal courts allow prior criminal convictions to work as an estoppel in subsequent civil proceedings where issues to be estopped were "distinctly put in issue and directly determined" in the criminal prosecution. Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951). See also Wolfson v. Baker, 623 F.2d 1074 (5th Cir.1980), cert. denied, 450 U.S. 966, 101 S.Ct. 1483, 67 L.Ed.2d 615 (1981); United States v. Frank, 494 F.2d 145 (2d Cir.), cert. denied, 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974); and Cardillo v. Zyla, 486 F.2d 473 (1st Cir.1973).
[4] Section 318.14, Florida Statutes.
[5] See Ehrhardt, Florida Evidence, § 803.18a, p. 520 note 7 (2d Ed. 1989).
[6] See Boshnack v. Worldwide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967); Stevens v. Duke, 42 So.2d 361 (Fla. 1949).
[7] Section 316.066(4), Florida Statutes, constitutes a limitation on reports and statements made to law enforcement officers for the purpose of completing accident reports.
[8] Our holding is consistent with the following cases: Brackin v. Boles, 452 So.2d 540 (Fla. 1984); deJesus v. Seaboard Coast Line Railroad, 281 So.2d 198 (Fla. 1973).
[9] MacNeil v. Singer, 389 So.2d 232 (Fla 5th DCA 1980) (mother paying civil penalty in non-criminal traffic infraction for child not admissible as admission against interest by child); Moore v. Taylor Concrete & Supply Co., 553 So.2d 787 (Fla. 1st DCA 1989), Royal Indemnity Co. v. Muscato, 305 So.2d 228 (Fla. 4th DCA 1974), cert. denied, 321 So.2d 76 (Fla. 1975).
[10] The plaintiff's complaint in this case alleged injuries which "losses (sic  should be injuries) were either permanent or continuing in nature." Although not an issue on appeal, the joinder of an essential allegation in the disjunctive ("permanent") with an insufficient alternative allegation ("continuing in nature") is an insufficient allegation of the essential allegation which in good form should have tracked the statutory language ("permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement").
[11] See Wooten v. Collins, 327 So.2d 795 (Fla. 3d DCA 1976) disapproved on other grounds, Calhoun v. New Hampshire Insurance Co., 354 So.2d 882 (Fla. 1978). If Souto v. Segal, 302 So.2d 465 (Fla. 3d DCA 1974) is read to hold that it is not reversible error to refuse to give a properly requested instruction on no-fault threshold issues, then we respectfully decline to follow that case on that point and hereby certify conflict with that case. The plaintiff's argument that there was authoritative testimony that Linda's personal injuries were permanent or that defense counsel argued the permanency issue to the jury misses the point. The jury is not bound by law to accept as true and correct the plaintiff's evidence as to the permanency of her injuries, whether or not that evidence is contradicted by other evidence. See Burton v. Powell, 547 So.2d 330 (Fla. 5th DCA 1989). Parties are entitled to have the court instruct the jury as to the issues in the case and as to the burden of proof and persuasion as to those issues.
[12] Whether or not it would be reversible error to refuse a motion or request for a special verdict as to this threshold issue it would be good form and the better practice to submit the issue to the jury for a specific determination in order to insure the issue is properly considered. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
[13] The trial court's refusal to give a requested instruction on the basis that there is no evidentiary support for the instruction constitutes, in effect, a directed verdict against the party requesting the instruction and a factual finding that there is no evidence from which the jury could lawfully find the fact in issue. This conclusion should be cautiously approached in view of the fact that in a jury trial the jury is entitled to determine questions of credibility and to draw inferences from facts they believe.