ALLEN R. LAWYERSON *vs*. FRANK NADEAU.
(Docket No. 1238)

MAYNARD STUART, PRO AMI *vs*. FRANK NADEAU
(Docket No. 1239)

Somerset.　　Opinion, January 10, 1940.

*Clayton E. Eames*, for plaintiffs.
*William H. Niehoff*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

HUDSON, J.　On defendant's exceptions and general motions for
new trials in cases tried together.

Although the bill embraces three exceptions, only one is pressed.
It concerns the admission of testimony of a state traffic officer re-
lating to what the defendant told him as to who was the driver of his
truck at the time of the accident. Question: "What occurred when
you first got there?" Answer: "I got out of the car and walked over
towards the people that were walking in the road and standing in
the road; they started to walk towards me and I asked who the

drivers was of the two vehicles. Mr. Nadeau—." Then followed colloquy and other testimony, but later, having the original question read by the reporter, the Court said: "You may finish your answer." Continued the witness: "I asked who the drivers was. Mr. Nadeau and Mr. Lawyerson both stated that they were the drivers of the two vehicles."

Defendant's counsel bases his objection to the admissibility of this testimony on Section 128 of Chapter 29, R. S. 1930, which reads as follows:

"(a) The chief of the state highway police shall prepare and shall on request supply to police and sheriff's offices and other suitable agencies forms of accident reports calling for sufficiently detailed information to disclose with reference to a highway accident the cause, conditions then existing and the persons and vehicles involved.

"(b) The chief of the state highway police shall receive accident reports required to be made by law and shall tabulate and analyze such reports and may publish annually or at more frequent intervals statistical information based thereon as to the number, cause and location of highway accidents.

"(c) The driver of any vehicle involved in an accident resulting in injuries or death to any person or property damage to an apparent extent of fifty dollars or more shall, immediately forward a report of such accident to the chief of the state highway police or forthwith deliver the same to some state highway police officer, who shall so forward the same to said chief. The chief may require drivers, involved in accidents, to file supplemental reports of accidents upon forms furnished by him whenever the original report is insufficient in the opinion of the chief. Such reports shall be without prejudice, and the fact that such reports have been so made shall be admissible in evidence solely to prove a compliance with this section, but no such report or any part thereof or statement contained therein shall be admissible in evidence for any other purpose in any trial, civil or criminal, arising out of such accident."

Without question the reports thereby required are written. One making a verbal report could not well "forward" or "file" it. The statutory provision for preparation of "forms" also is significant.

Here no report in writing either was or was then about to be made by the witness. The inquiry made by the officer immediately upon his arrival was addressed to a group for the purpose of learning who participated in the accident. It was preliminary to investigation as to the cause of the accident. The two Connecticut cases cited by defendant's counsel (*Ezzo* v. *Geremiah*, 107 Conn., 670, 142 A., 461, and *Voegeli* v. *Waterbury Yellow Cab Co.*, 111 Conn., 407, 150 A., 303) are clearly distinguishable. They involved written reports. The statute being inapplicable, the defendant takes nothing under this exception.

Should new trials be granted under the defendant's general motions? We think not. Factual questions were decided by the jury. A study of the record reveals no manifest error. Concededly there was evidence tending to sustain contentions of the defendant had it been accepted as true. The jury had to ascertain the actual facts, weighing probabilities and passing upon the veracity of the witnesses. It found that the plaintiffs had sustained their contentions by a fair preponderance of the evidence. The jury could and no doubt did find that the defendant (himself the driver of his truck and then in some state of intoxication) negligently drove it, as it approached the oncoming car of plaintiff Lawyerson, first to the right and then across the road to the left until it collided with Lawyerson's car on its own side of the road, practically up against the fence.

While there was an issue of fact as to who was driving at the time of the accident, the jury found that the defendant was the then driver. It accepted as true his statement to that effect as against a contra inference that might have been drawn from the fact, if believed, that sometime prior to the accident one Kelley had been driving. The jury found that the defendant told the truth to the officer rather than when he testified at the trial.

*Exceptions overruled.*
*Motions for new trials denied.*

(DUNN, C. J., having deceased, did not join in this opinion.)