139 So.2d 510 (1962)
Harold S. LOBREE, As Personal Representative and Administrator of the Estate of Maurice Lobree, Deceased, Appellant,
v.
Michael F. CAPOROSSI, Appellee.
No. 2502.
District Court of Appeal of Florida. Second District.
March 14, 1962.
Rehearing Denied April 9, 1962.
Gardner W. Beckett, Jr., of Askew & Beckett; and Mann, Harrison, Mann & Rowe, St. Petersburg, for appellant.
H. Rex Owen of Bussey, Simmons & Owen, St. Petersburg, for appellee.
SMITH, Judge.
This is an action of the appellant as plaintiff against the appellee as defendant on a complaint for damages for the death of Maurice Lobree, alleged to have been caused by the negligence of the defendant as the result of an automobile accident. At the trial, the plaintiff called two police officers *511 of the City of St. Petersburg. In the course of the preliminary examination of the first officer, he testified:
"I recall from having made an accident report on that date that the weather was cloudy and the streets were dry."
The defendant then requested the withdrawal of the jury, and in their absence propounded questions which revealed that this officer, after call, proceeded to the scene of this accident, investigated, and subsequently made a written accident report. The officer then stated:
"My testimony will be based on my own recollection. However, my memory was refreshed by reading the accident report prior to the deposition taken."
He further testified to the effect that at the time of taking a prior deposition, and again prior to the time of the trial, he found it necessary to refer to the accident report which he made in order to remember some of the details which he observed in the course of his investigation of the accident. The defendant then objected to the question propounded to the witness and objected to any further questions on the ground that it affirmatively appeared that the witness made an accident report which is privileged and that such an accident report may not be used to refresh the memory of the witness. The court sustained the objection. None of the questions propounded to the witness pertained to any conversations or information furnished to the officer by the defendant (as in Ippolito v. Brener, Fla. 1956, 89 So.2d 650), nor did they pertain to statements made by one officer and incorporated in another officer's official report (as in Stevens v. Duke, Fla. 1949, 42 So.2d 361), and neither did they pertain to testimony overheard by the witness while being made to an officer (as in Herbert v. Garner, Fla. 1955, 78 So.2d 727). The plaintiff made a proffer of the testimony of the other police officer and the same objection was made and sustained. Then, by stipulation, the plaintiff made a proffer of all of his evidence pertaining to damages. The plaintiff then announced that he had no further testimony to offer and rested; whereupon, upon motion of the defendant, the court directed a verdict in favor of the defendant upon which final judgment was entered and the plaintiff appeals.
The objections to the testimony of the officers was sustained by the court on the basis of the opinion of the Supreme Court of Minnesota, Hickok v. Margolis, 1946, 221 Minn. 480, 22 N.W.2d 850, the court being of the opinion that the Minnesota Statutes and the Florida Statutes were similar and that the court was bound by the Minnesota opinion even though the court stated that it was its own opinion that such testimony should be permitted. Opinions from other jurisdictions are not binding upon the courts of this state, but are only persuasive. Stevens v. Duke, supra.
In Hickok v. Margolis, supra, the Supreme Court of Minnesota took the view that officers' reports were privileged under the Minnesota Statutes. From this, that court concluded that the testimony of an officer was also inadmissible where he had refreshed his recollection by use of notes made at the accident in connection with his privileged report. Subsequently, in Garey v. Michelson, 1949, 227 Minn. 468, 35 N.W.2d 750, that court noted that the legislature of Minnesota had changed the Statutes to make it clear that the legislature intended testimony of that kind to be admissible and held that an officer may use his notebook to refresh his memory where he was testifying to facts within his knowledge.
Section 317.13, Florida Statutes, F.S.A. requires the driver of a vehicle involved in an accident resulting in injury to, or death of, any person or certain property damages to make a written report of such accident to the Department of Public Safety. It permits the Department to require any driver of a vehicle involved in an accident who must make a report to file supplemental reports and the Department may require witnesses of such an accident to *512 render reports. Subsection (3) is as follows:
"Every law enforcement officer who, in the regular course of duty, investigates a motor vehicle accident of which report must be made as required in this section, either at the time of and at the scene of the accident, or thereafter by interviewing participants or witnesses shall, within twenty-four hours after completing such investigation, forward a written report of such accident to the department."
Section 317.17, Florida Statutes, F.S.A., is as follows:
"All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department." (Emphasis supplied)
Section 317.19, Florida Statutes, F.S.A., provides:
"Any incorporated city, town, village, or other municipality may, by ordinance, require that the driver of a vehicle involved in an accident shall also file with a designated city department a report of such accident or a copy of any report herein required to be filed with the department. All such reports shall be for the confidential use of the city department and subject to the provisions of § 317.17."
Pursuant to the latter, the City of St. Petersburg adopted an ordinance requiring the driver of a vehicle involved in an accident within the City resulting in injury to, or death of, any person, or in property damages to immediately report such accident to the Police Department of the City and make a written report to the Police Department supplying the Department with the information required.
Under the familiar rule of construction "expressio unius est exclusio alterius", the express limitation of the privilege to the reports "made by persons involved in accidents" is an implied exclusion of the privilege of the reports of other persons who were not involved in the accident. 30 Fla. Jur. 185, Statutes, § 84; Dobbs v. Sea Isle Hotel, Fla. 1952, 56 So.2d 341.
In considering the legislative intent, it is interesting to note that the Florida Statutes is similar and obviously patterned from the Uniform Act Regulating Traffic on Highways by the National Conference of Commissions on Uniform State Laws. The Uniform Act requires the driver of the vehicle involved in the accident to make a report, and made his report privileged. The Florida Statutes adds to the Uniform Act the above quoted subsection requiring a report from police officers and at the same time, instead of using the language of the Uniform Act that "all accident reports made to the department * * * shall be without prejudice * * *", the language adopted by the legislature was "all accident reports made by persons involved in accidents". Thus, we find that the legislative intent is clearly expressed in the Act and that the privilege accorded to such reports by Section 317.17, Florida Statutes, F.S.A., is expressly limited to the reports of persons involved in accidents. It is not the written report or testimony of the officer which is privileged as such; the privilege attaches to *513 that part of the officer's written report or testimony which was obtained by him from a person who was required to make a report. Obviously, if a report is privileged, it does not lose its privilege by being transmitted to or through a police officer. Stevens v. Duke, supra.
Although the statutes of other jurisdictions vary from the Statutes of Florida on some details of the subject, and although the decisions of other authorities vary from the decisions of the State of Florida on some details of the question, we note that the following authorities permit such refreshment or the use of such reports in a similar or more complete manner. See Lawyerson v. Nadeau, 1940, 136 Me. 361, 10 A.2d 357; Soreide v. Vilas & Company, 1956, 247 Iowa 1139, 78 N.W.2d 41; Wallace v. Skrzycki, 1953, 338 Mich. 164, 61 N.W.2d 106; Annotation "Forbidding Disclosure by Police Officer", 165 A.L.R. 1302, 1308, 1315. We are not aware of any jurisdiction that now excludes all of the testimony of an investigating police officer on the basis that he has refreshed his memory by referring to his accident report.
Every day the police officials of the State of Florida, and the counties and cities therein, investigate automobile accidents and weeks, months or even years after the date of their investigation of the accident, they testify as to distances, skid marks, conditions of the automobiles, location of debris upon the highway and numerous other details which they learned in the course of their investigations. It would be utterly naive to assume that they are testifying from memory, for clearly they could not remember the details of each of the scores of accidents investigated by them. To have them endeavor to do so, that is, to testify from memory, without refreshing their memory, would be to invite total and complete, but inadvertent misstatements of fact as to such details. See Davis v. Brooks Transportation Company, 186 F. Supp. 366 (D.Del. 1960).
We, therefore, hold that the court erred in sustaining the objections to the testimony of the police officers. In view of the fact that the judgment is herewith reversed, it becomes unnecessary for us to consider the defendant's cross-assignment of error.
SHANNON, C.J., and ALLEN, J., concur