DOWNEY, Judge.
Appellants, Mr. and Mrs. McTevia, were plaintiffs in the trial court. They brought suit against appellees to recover for injuries incurred in a motor vehicle accident with appellee, Schrag.
A crucial issue concerning liability was whether the McTevias were on the wrong side of the road at the point of impact. At the time of the incident Brien Epstein, a friend of the McTevias, told an officer investigating the collision that he had been following the McTevias in his car but he did not witness the accident. Two weeks later Epstein appeared at the police station and advised officers that he had lied at the scene of the accident; he said he actually saw the accident and Schrag was on the wrong side of the road while the McTevias were on their proper side.
The McTevias moved in limine to preclude any evidence relative to Epstein’s first statement that he had not seen the accident on the ground that such a statement was a report privileged under Section 316.066(4), Florida Statutes (1981). Initially, the trial court granted the motion, but after further study of the question the court ruled the evidence admissible because the statute was inapplicable. From a judgment in favor of the McTevias, which they felt was inadequate, they have perfected this appeal.
It is contended that the change in ruling after the jury was chosen prejudiced McTe-via’s case. On a more substantive basis, the McTevias argue the trial court erred in denying their motion in limine to exclude evidence of Epstein’s first statement. We hold the trial judge ruled correctly and that the McTevias did not demonstrate any prejudice that would constitute reversible error.
There are a number of cases construing various aspects of Section 316.066. From those cases and Sections 316.064, 316.065, and 316.066 of the statutes we learn that certain persons, the driver or the owner or an occupant, if the driver is incapacitated, are required to make a report if their vehicle is involved in an accident resulting in bodily injury or death or severe property damage. Such a report or statements made to an investigating officer forming the basis of his report are privileged and cannot be used in subsequent litigation arising out of the accident except for purposes not relevant here. This privilege inures only to those required to make the report. State v. Coffey, 212 So.2d 632 (Fla.1968); State v. Edge, 397 So.2d 939 (Fla. 5th DCA 1981); Lobree v. Caporossi, 139 So.2d 510 (Fla. 2d DCA 1962). It does *1185 not apply to statements of other witnesses or persons who may volunteer information to the investigating officer. The privilege is constitutionally mandated because the statutes require a report under penalty of law and in certain instances the report could otherwise be in derogation of one’s Fifth Amendment rights. State v. Coffey, supra. From the foregoing lessons it appears that Epstein was not required by law to report to the investigating officer; he was therefore not involved in the accident within the meaning of Section 316.066(4), Florida Statutes (1981). Thus, the testimony regarding Epstein’s change in story was admissible.
However, even if Epstein’s statement had not been admissible, its admission would not be reversible error here because it was clearly cumulative of other testimony regarding that statement and no prejudice was demonstrated by the change in ruling by the court.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
BERANEK and WALDEN, JJ„ concur.