STATE of Maine

v.

Warren MARR.

Supreme Judicial Court of Maine.

Argued Sept. 8, 1987.
Decided Feb. 1, 1988.

William R. Anderson, Dist. Atty., David M. Spencer (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

David M. Lipman, Peter B. Bickerman (orally), Lipman & Katz, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

GLASSMAN, Justice.

Warren Marr appeals from the judgment of the Superior Court, Lincoln County, entered on the jury's verdict finding him guilty of four counts of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983), and four counts of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (1983). On appeal, Marr contends the trial court erred in its denial of his motions for a bill of particulars and for a judgment of acquittal. He also for the first time challenges the admissibility of certain evidence. We conclude the court properly denied Marr's motion for a bill of particulars and that the evidence supports the jury's verdict. We hold, however, that the admission of the challenged testimony deprived Marr of a fair trial, and we vacate the judgment.

In August 1986, Marr entered a plea of not guilty to an indictment charging him

with four counts of gross sexual misconduct and four counts of unlawful sexual contact with the same minor victim over a three-and-one-half year period. After a hearing, the court denied Marr's motion that the State be required to file a bill of particulars specifying the exact dates of the alleged offenses. The record discloses that Marr married the prosecutrix's mother in 1976 and was stepfather to the alleged victim and her younger brother and that Mrs. Marr subsequently divorced Marr for reasons unrelated to the alleged abuse. At trial the prosecutrix described a sexual relationship between herself and Marr that endured from October 1981 until December 1984, when Mrs. Marr and the two children moved from Marr's trailer home. Marr testified he had never had any sexual contact with the prosecutrix. The court denied Marr's motion for a judgment of acquittal. Marr filed an appeal from the judgment entered on the jury's verdict finding him guilty of the charged offenses.

I

■ We first address Marr's contentions that the trial court erred in denying his motion for a bill of particulars and motion for a judgment of acquittal. We have previously held that the State is not required to file a bill of particulars when it cannot pinpoint the date of an alleged offense with any greater specificity than it has in the indictment. *State v. Greene*, 512 A.2d 330, 334 (Me.1986) (citing *State v. Walker*, 506 A.2d 1143, 1147 (Me.1986)). The court's denial of Marr's motion is not an abuse of discretion, when, as in this case, the indictment was filed within the statute of limitations and the State could not allege the dates with any greater specificity. *See State v. Cote*, 444 A.2d 34, 36 (Me.1982); *State v. Larrabee*, 377 A.2d 463, 465 (Me. 1977).

Our review of the entire record in the light most favorable to the State discloses that a jury rationally could find beyond a reasonable doubt every element of the offenses charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985). The court properly denied Marr's motion for a judgment of acquittal.

II

We next address the challenged testimony. During the course of the direct examination of the prosecutrix's brother by the State, and without objection from Marr, the following testimony was adduced:

Q: Do you remember an argument that Mr. Marr had with your mother not too long before you left [Marr's home]?

A: Yes.

Q: What were you doing when you heard that argument?

A: I was asleep then I woke up and I was dazing around.

Q: When did this happen?

A: Shortly before we left.

Q: Within how long before you left?

A: A couple of weeks.

Q: And did you hear what Warren and your mother were arguing about?

A: Well, all I could hear was a little bit, like how come you can have sex with [the prosecutrix] and not me and then she was waiting for Warren's reply and I fell asleep before I could hear it.

Q: You never heard Warren say anything?

A: No.

On appeal, Marr contends that this testimony is inadmissible hearsay, and its admission constitutes reversible error. The State argues that the testimony is not hearsay, but was properly admitted as an adoptive admission under M.R.Evid. 801(d)(2)(B).[1]

Because Marr failed to object to the testimony, we review the admission of the evidence only for obvious error. M.R.Evid. 103(d); *State v. True*, 438 A.2d 460, 467 (Me.1981). The obvious error standard re-

---

1. Under Rule 801(d)(2)(B), a statement is the admission of a party opponent and not hearsay if the "statement is offered against a party and is ... a statement of which he has manifested his adoption or belief in its truth."

quires us to examine all the circumstances of the case "to determine whether inadmissible evidence received at trial without objection was in its probable effect upon the jury 'a seriously prejudicial error tending to produce manifest injustice.' " *State v. True,* 438 A.2d at 467 (citing *State v. Baker,* 409 A.2d 216, 219 (Me.1979)). The error must be so prejudicial and so taint the proceeding "as virtually to deprive the aggrieved party of a fair trial." *Id.* at 468 (citations omitted).

■ Recognizing that the adoptive admission of a defendant charged with a crime is tantamount to a confession stripped of constitutional safeguards against self-incrimination, we require "that sufficient facts have been introduced for the jury reasonably to conclude that the defendant adopted the [statement] of another." *State v. Marshall,* 491 A.2d 554, 558 (Me.), *cert. denied,* 474 U.S. 908, 106 S.Ct. 277, 88 L.Ed.2d 242 (1985). Accordingly, we examine the record in this case to determine whether it contains those facts that would support a finding that Marr had adopted his wife's statement: that Marr was present when the statement was made, that he heard and understood the statement, and that he had manifested his adoption of it.[2] *Marshall,* 491 A.2d at 558; *State v. McKenney,* 459 A.2d 1093, 1097 (Me.1983) (mere presence when statement is made is insufficient to support finding of adoption); *State v. Anderson,* 409 A.2d 1290, 1299 (Me.1979).

■ The only evidence in the entire record bearing on these facts is the testimony of the prosecutrix's younger brother, who was twelve years old at the time of trial, and approximately ten years old when the claimed incident took place. By his own testimony, the boy was drifting in and out of sleep when he heard his mother speak. He was in bed in a separate room. He neither saw Marr, nor heard Marr "say anything." The record thus contains no evidence that Marr was present when his wife made the statement. The unseen

Marr's alleged failure to respond does not indicate he was present, heard, understood, and intended to adopt the statement. *See State v. Johnson,* 472 A.2d 1367, 1370–71 (Me.1984) (State's failure to show that defendant heard the proffered statement justified trial court's ruling that the statement was not an adoptive admission but inadmissible hearsay). On this record no factual foundation exists that would support a conclusion that the defendant adopted Mrs. Marr's hearsay statement.

■ The testimony of Mrs. Marr's out of court unsworn statement is clearly inadmissible hearsay. The evidence does not support a finding of an adoptive admission, and the statement does not come within any exception to the hearsay rule. Having determined that the admission of this testimony is error, we must determine if its admission was so prejudicial as to deprive Marr of a fair trial. *State v. Dube,* 522 A.2d 904, 907 (Me.1987).

There is no doubt that the admitted testimony irretrievably damaged Marr's defense. Marr categorically and consistently denied any sexual contact with the prosecutrix. The prosecutrix was the only witness to testify that there had been any sexual relationship between herself and Marr. She asserted that sexual intercourse occurred three to five times a week within the trailer home, sometimes when her brother and mother were at home. The brother testified that he had been unaware of any sexual activity between his sister and their stepfather. The prosecutrix's mother did not testify. The record reflects no medical or physical evidence of abuse. The prosecutrix testified she told no one about the alleged abuse until several months after her mother and Marr had separated in December 1984. Law enforcement officials were not brought into the case until the spring of 1986. The prosecutrix testified she had at that time disclosed the alleged abuse to a person at a family planning clinic where she and her boyfriend had gone for contraceptive advice because

---

**2.** Had defendant objected to the testimony, the trial court could have made a threshold determination as to whether the State met its burden by introducing sufficient facts for the jury reasonably to conclude that Marr adopted his wife's statement. *See Marshall,* 491 A.2d at 558.

they were sexually active. Girlfriends of the prosecutrix that had stayed overnight with the family testified that the relationship between the prosecutrix and her stepfather appeared to be normal. Indeed, the prosecutrix and her brother voluntarily visited Marr and stayed overnight with him on one occasion several months after they and their mother had moved away. Clearly, the substance of the brother's challenged testimony tended to prove that the alleged sexual abuse had in fact occurred. The case pitted the prosecutrix's accusation against Marr's denial, and the erroneously admitted testimony enhanced the alleged victim's credibility, as it damaged that of Marr.

The testimony of a prosecutrix alone may be sufficient to support a conviction in a sexual abuse case. *State v. Greene*, 512 A.2d at 332. When, however, as here, her testimony is corroborated and her credibility enhanced only by erroneously admitted hearsay, we cannot say that a jury would have found the accused guilty absent such inadmissible evidence. *See State v. True*, 438 A.2d at 469. Our language in *True* is especially instructive:

> Particularly in a case where so much rode upon the testimony of a single witness, whose credibility on the critical issue ... was inherently suspect, and where the offense for which defendant was being tried was so serious, we are left with a settled conviction that admission of that hearsay fundamentally deprived defendant of the fair trial to which he was entitled.

*Id.* Accordingly, we hold that the admission of the challenged hearsay testimony was so prejudicial that it fundamentally deprived Marr of a fair trial.

The entry is:

Judgment of conviction vacated; remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.