PER CURIAM.
Appellant, Jere Spurlin, Chief of Police of Fort Myers, appeals a peremptory writ of mandamus issued by the trial court ordering him to allow inspection and copying of certain motor vehicle accident reports prepared and maintained by the police department. We find that such accident reports are public records subject to public inspection and copying pursuant to section 119.07(l)(a), Florida Statutes (1987), subject however to the confidentiality provisions of section 316.066(4), Florida Statutes (1987). We therefore affirm the issuance of the writ, but remand for deletion of any part of the writ which would require disclosure or production of confidential or exempt information.
Section 119.07(l)(a) provides:
Every person who has custody of a public record shall permit the record to be *989 inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, upon payment of the actual cost of duplication of the record.
Appellant argues that although accident reports are public records as defined by chapter 119, they are exempt from personal inspection and copying because of the provisions of section 119.07(3)(a) and section 316.066(4). Section 119.07(3)(a) provides that all public records which are presently provided by law to be confidential are exempt from personal inspection and copying. Section 316.066(4) provides that “each accident report made by a person involved in an accident ... shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes
This court considered the intent of section 316.066(4) in Lobree v. Caporossi, 139 So.2d 510 (Pla. 2d DCA 1962), cert. denied, 143 So.2d 649 (Fla.1962) and found that the privilege is expressly limited to the reports of persons involved in accidents. It is not the written report or testimony of the officer which is privileged as such. Rather, the privilege attaches to that part of the officer’s written report or testimony which was obtained by him from a person who was required to make a report.
The record reflects that at least some of the accident reports affected by the trial court’s writ of mandamus contain statements made to the investigating officer by someone involved in the reported accident. To the extent that these statements were made pursuant to the requirements of section 316.066, they are both confidential and privileged. § 316.066(4), Fla.Stat. (1987). See also, Brackin v. Boles, 452 So.2d 540 (Fla.1984); Stevens v. Duke, 42 So.2d 361 (Fla.1949). Obviously, if the statement of an individual reporting an accident is privileged, that statement does not lose its privilege by being transmitted to or through the investigating officer. Lobree v. Caporossi, 139 So.2d 510 (Fla. 2d DCA), cert. denied, 143 So.2d 649 (Fla.1962). See also, St. Germain v. Carpenter, 84 So.2d 556 (Fla.1956) (decedent’s statements to police officer were “in the nature of an accident report”); Wise v. Western Union Telegraph Co., 177 So.2d 765 (Fla. 1st DCA 1965) (accident report privilege extends to verbal statements). The reporting person’s privilege and the confidential nature of his statements under section 316.066(4), therefore, attaches to that part of an officer’s written accident report which reflects those statements. Since those statements are confidential, they are exempt from the disclosure requirements of section 119.07(1), Florida Statutes (1987). See § 119.07(3)(a), Fla. Stat. (1987).
We, therefore, remand this matter to the trial court. On remand the trial judge is instructed to strike that portion of its writ which would require an entire accident report to be produced for public inspection even if such report contains a statement which section 316.066(4) describes as confidential or contains other portions which are otherwise exempt from public disclosure pursuant to section 119.07(3). The writ should also require the custodian of the accident reports to delete or excise any portion of an accident report which is confidential or otherwise exempt from the requirement of public disclosure. After such portions have been deleted, the custodian should be required to produce the remainder of the report. See § 119.07(2), Fla. Stat. (1987).
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
CAMPBELL, C.J., and SCHOONOVER and THREADGILL, JJ., concur.