CAMPBELL, Chief Judge.
In this appeal, we revisit the issues we addressed in Spurlin v. Scheiner, 531 So.2d 988 (Fla. 2d DCA 1988). In that case, we held that motor vehicle accident reports prepared and maintained by law enforcement or traffic regulating agencies are public records subject to public inspection and copying pursuant to section 119.-07(1)(a), Florida Statutes (1987), subject, however, to the confidentiality provisions of section 316.066(4), Florida Statutes (1987). Accordingly, we remanded that case to the trial court with instructions that such accident reports must be furnished for inspection and copying pursuant to section 119.07(1)(a), but that the custodian of such records should delete or otherwise excise from any such records furnished information made confidential by reason of section 316.066(4).
On remand of that case, the trial judge complied with our opinion and mandate and ordered appellee to furnish such records to appellant but to excise from them any information obtained by a police officer from persons involved in an accident prior to the dissemination of that information to any person other than persons involved in the accident.
In furnishing the accident reports to appellant, appellee attempted to comply with the trial judge’s writ and the opinion of this court by deleting from the accident reports the names and addresses of the owners and operators of the motor vehicles involved in the accidents as well as the names and addresses of the passengers in such vehicles and any pedestrians and witnesses.
We conclude that the deletion of such information concerning names and addresses of parties and witnesses was error and not in compliance with the intent of our previous opinion or that of the confidentiality restrictions of section 316.066(4). It is our view that the legislative imposition of confidentiality restrictions on information furnished for the purpose of motor vehicle accident reports was intended to apply primarily to statements relating to the incidents surrounding the occurrence of the accident involved and not information furnished relating to names and addresses of parties or witnesses. See Combs v. State, 436 So.2d 93 (Fla.1983); State v. Coffey, 212 So.2d 632 (Fla. 1968); Wise v. Western Union Telegraph Co., 177 So.2d 765 (Fla. 1st DCA 1965).
We therefore reverse and remand with instructions that the information deleted by appellee relating to names and addresses of parties or witnesses be furnished to appellant.
PARKER and PATTERSON, JJ., concur.