**STATE of Maine**

v.

**Brian D. COOKSON.**

Supreme Judicial Court of Maine.

Argued Jan. 23, 1995.

Decided May 4, 1995.

---

Geoffrey Rushlau (orally), Dist. Atty., Greg N. Dorr, Asst. Dist. Atty., Rockland, for the State.

James R. Bushell (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Brian D. Cookson appeals from the judgment entered in the Superior Court (Knox County, *Marsano, J.*). after the jury's verdict finding him guilty of arson, 17–A M.R.S.A. § 802(1)(A) (1983).[1] He contends, *inter alia,* that (1) the trial court erred in denying his motion to dismiss the indictment with prejudice for the State's failure to bring him to trial within the time limit as prescribed by the Interstate Compact on Detainers (ICD), 34–A M.R.S.A. § 9604 (1988);[2] (2) the trial court erroneously admitted hearsay testimony as an adoptive admission of Cookson; and (3) the evidence is insufficient to support the jury's verdict. Contrary to Cookson's contentions, we hold there was no violation of the Interstate Compact on Detainers and based on the evidence submitted to it the jury rationally could find beyond a reasonable doubt that Cookson was guilty of the charged offense. We agree, however, that there was an insufficient factual foundation for the trial court to admit the challenged testimony as an adoptive admission of Cookson. Accordingly, we vacate the judgment.

On June 18, 1991, a fire partially destroyed the Remnant Rug Rack located in Rockland. Fire investigators later determined that the fire had been deliberately set using a combustible liquid. There was no eyewitness and no forensic evidence to connect any suspects to the fire. On December 17, 1992, Brian Cookson was indicted on one count of arson and one count of conspiracy to commit arson.[3] At the time of the indictment, Cookson was incarcerated in Danbury, Connecticut. The trial court determined that Cookson was indigent and an attorney was appointed for him. On March 1, 1993, the Knox County District Attorney filed a request for temporary custody of Cookson. On April 30, 1993, Cookson notified the District Attorney that he was invoking his right to a

---

1. 17–A M.R.S.A. § 802(1)(A) (1983) provides that "a person is guilty of arson if he starts, causes or maintains a fire or explosion on the property of another with the intent to damage or destroy property thereon."

2. 34–A M.R.S.A. § 9604(3) (1988) provides that "in respect of any proceeding made possible by this Article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

3. The conspiracy count was dismissed at the close of the State's case-in-chief and is not an issue in this appeal.

speedy resolution of the charges and Cookson complied with the formal requirements for a final disposition pursuant to 34-A M.R.S.A. § 9603(1) (1988).[4]

Cookson was delivered into the custody of Maine authorities on June 15, 1993. On July 21, 1993, Cookson filed two motions: a discovery motion, requesting copies of any plea agreements executed between the state and/or the federal government and two potential state witnesses, and a motion seeking at the State's expense copies of the transcripts of the testimony of a state witness in two prior unrelated proceedings.[5] After a hearing, on August 27, 1993, the trial court granted both motions. On October 18, 1993, Cookson filed a motion to dismiss the indictment on the ground that the State failed to bring him to trial within the 120-day time limit prescribed by 34-A M.R.S.A. § 9604. After a hearing, the Superior Court (*Kravchuk, J.*) determined that the 120-day period had been tolled for the 36 days between the filing of Cookson's motions on July 21, 1993, and the decision of the court on those motions on August 27, 1993. Cookson's first trial began on October 26, 1993, 131 days after Cookson was delivered to the Maine authorities, and resulted in a mistrial. The second trial resulted in a judgment entered on the jury verdict finding him guilty of arson, and Cookson appeals.

■ Cookson first contends that the trial court erred by denying his motion to dismiss the indictment with prejudice based on the State's violation of 34-A M.R.S.A. § 9604. The State and Cookson agree that Cookson was not brought to trial within 120 days of his arrival in Maine as required by section 9604. The State contends that the trial court properly determined that the 120-day period

was tolled for the period of time required to decide Cookson's discovery motions. Cookson contends, however, that because his motions did not require a hearing and could have been decided *ex parte* by the trial court, the 36 days between the filing and the court's decision should not toll the 120-day period. Accordingly, Cookson argues that the indictment should have been dismissed with prejudice pursuant to 34-A M.R.S.A. § 9605(3) (1988).[6] We disagree.

The purpose of the ICD is to provide a speedy and orderly disposition of outstanding charges against persons already incarcerated in other jurisdictions. 34-A M.R.S.A. § 9601. Once the appropriate officer of the jurisdiction in which an untried indictment is pending has obtained temporary custody of a prisoner, "trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state." 34-A M.R.S.A. § 9604(3). The ICD also provides that the 120-day time period "shall be tolled whenever and for as long as the prisoner is unable to stand trial." 34 M.R.S.A. § 9606.

■ We have previously stated that a defendant is unable to stand trial during "all those periods of delay occasioned by the defendant." *State v. Rose*, 604 A.2d 24, 25 (Me.1992) (quoting *United States v. Taylor*, 861 F.2d 316, 321 (1st Cir.1988)). A defendant waives the 120-day limitation during the time it takes to resolve matters raised by him. *Taylor*, 861 F.2d at 321.

We have never stated that on a motion by the defendant the State must provide and pay for a transcript of a state witness's testimony in an unrelated proceeding without a hearing to determine whether the transcript is necessary to an adequate defense. A defendant's need for a transcript unrelated to

---

**4.** 34-A M.R.S.A. § 9603(1) (1988) provides that once the prisoner under a new indictment serves the prosecuting officer with written notice of his place of imprisonment and requests a final disposition of the indictment, the prisoner shall be brought to trial within 180 days.

**5.** In his motion requesting copies of transcripts, Cookson specifically requested a copy of the testimony of a witness in an unrelated trial who would be testifying for the State in Cookson's trial and a copy of the transcript from the Rule 11 proceeding for that same witness.

**6.** 34-A M.R.S.A. § 9605(3) (1988) provides that "in the event that an action on the indictment ... on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV, the appropriate court of the jurisdiction where the indictment ... has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

his own trial depends on the facts and circumstances of each case. To receive the requested transcripts at the state's cost, Cookson was required to demonstrate that it was "essential or necessary to an adequate defense." *State v. Anaya*, 456 A.2d 1255, 1263 (Me.1983). In *Anaya*, we stated that a defendant was required to demonstrate to the satisfaction of the trial court that public funds for expert witnesses were justified as necessary for an adequate defense. *Id.* In this case, to justify the expenditure of public funds the trial court properly heard the motion before determining whether the transcripts were essential to Cookson's defense. Because the delay was occasioned by Cookson, the trial court properly determined there had been no violation of section 9604(3). *Rose*, 604 A.2d at 25.

 Cookson next contends that over his objection certain hearsay evidence was erroneously admitted through the testimony of Dennis O'Brian, a witness for the State, as an adoptive admission of Cookson. We agree. M.R.Evid. 801(d)(2)(B) provides that a statement is not hearsay if "the statement is offered against a party and is . . . a statement of which he has manifested his adoption or belief in its truth." The burden of proof is on the proponent to show that an adoption was intended. Field & Murray, *Maine Evidence* § 801.6 at 8–19 (1992). We have previously recognized that the "adoptive admission of a defendant charged with a crime is tantamount to a confession stripped of constitutional safeguards against self-incrimination." *State v. Marr*, 536 A.2d 1108, 1110 (Me.1988). A defendant's mere presence when a statement is made is insufficient to support a finding of adoption. *State v. Anderson*, 409 A.2d 1290, 1299 (Me.1979). When, as here, the defendant has objected to the admission of the testimony, the court should make a threshold determination that the State has introduced sufficient facts for the jury reasonably to conclude that the defendant adopted the admission of another. *State v. Marshall*, 491 A.2d 554, 558 (Me. 1985). We examine the record in this case to determine whether Cookson was present when the statement was made, that he heard and understood the statement, and that he manifested his adoption of it. *Id.*

The record reflects that the purported adoptive admission by Cookson of the statement by Wall was adduced through the following testimony of O'Brian: Shortly after the fire at the Remnant Rug Rack, O'Brian, Cookson, John Wall and Ken Deicke were present in the kitchen of a friend's home. O'Brian and Wall were engaged in a conversation while Cookson and Deicke were seated at a table a few feet away. Cookson and Deicke were not part of O'Brian's conversation with Wall but were involved in their own separate conversation. O'Brian stated that, in his opinion, Cookson heard the conversation between O'Brian and Wall in which Wall related that he, Cookson and Deicke had burned the Remnant Rug Rack, although neither Cookson nor Deicke responded in any way to Wall's statement.

On this record, we conclude that because the State failed to provide the factual foundation required to show that Cookson heard and understood Wall's statement, and that he manifested his acquiescence in it, the challenged testimony was inadmissible hearsay. On this record it cannot be said that it is "highly probable that the error did not affect the judgment." *State v. True*, 438 A.2d 460, 467 (Me.1981). Contrary to Cookson's contention, viewing the evidence in the light most favorable to the State, the jury rationally could have found beyond a reasonable doubt every element of the offense charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985). Because we are vacating the judgment, we need not address the remaining issues raised by Cookson on this appeal.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.