**STATE of Maine**

v.

**Allen DIAZ.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 26, 1996.

Decided Aug. 7, 1996.

David W. Crook, District Attorney, Paul Rucha, Assistant District Attorney, Augusta, for State.

Walter Hanstein, Joyce, Dumas, David and Hanstein, P.A., Farmington, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN and RUDMAN, JJ.

ROBERTS, Justice.

Allen Diaz appeals from the judgment of conviction entered in the Superior Court (Kennebec County, *Mills, J.*) on a jury verdict finding him guilty of operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Pamph. 1991) (now 29–A M.R.S.A. § 2411 (1996)). Diaz challenges the denial by the District Court (Augusta, *Batherson, A.R.J.*) of his motion to suppress statements made by him and the results of his blood-alcohol test. He also challenges, on other grounds, the admission of this same evidence at the trial. Because we conclude that the State, in violation of the Fifth Amendment, impermissibly relied on evidence of Diaz's refusal to answer a question asked by the police, we vacate the conviction.

In April 1992 Diaz was involved in a motor vehicle accident that occurred on Route 17 in Readfield. State Police Trooper James Luce arrived at the scene approximately ten or fifteen minutes after the accident. He went to the kitchen of a nearby house where Diaz was sitting and asked Diaz if he was the driver of the truck. Diaz responded that "[h]e didn't think he should answer that question, or words nearly to that effect." Based on the officer's observation of Diaz's condition, he arrested Diaz for operating under the influence. Diaz was taken to the Winthrop Police Department for an intoxilyzer test. Because Diaz complained of medical problems, however, he was transported from

the police station to the Kennebec Valley Medical Center. At the hospital, Trooper Luce requested that the nurse draw blood from Diaz for use in a blood-alcohol test, and provided the nurse with a valid police kit.

In the District Court Diaz moved to suppress the results of the blood-alcohol test, arguing that Trooper Luce lacked probable cause to require the test. He does not challenge on appeal the denial of that motion. Diaz also moved to suppress the statements he made in response to questioning by Trooper Luce. He contended in the District Court and again on appeal that the statements were involuntary because his responses were compelled by statute and that his responses are rendered inadmissible by the same statute, 29 M.R.S.A. § 891 (Pamph. 1991) (now 29–A M.R.S.A. § 2251 (1996)). We previously have rejected that argument in similar cases pursuant to similar statutes. See State v. Libby, 153 Me. 1, 11–12, 133 A.2d 877, 883 (1957); Lawyerson v. Nadeau, 136 Me. 361, 363, 10 A.2d 357, 358 (1940).

■ At the trial in the Superior Court Diaz moved in limine to exclude the blood test result because of the remoteness in time to the motor vehicle operation. The trial court denied Diaz's motion on the ground that the issue should have been raised at the suppression hearing. Although that ruling is erroneous, the error is harmless. M.R.Crim.P. 41A(b), requiring the pretrial filing of a motion to suppress, applies only to the suppression of evidence on the ground that the evidence was illegally obtained. Evidence may be inadmissible on grounds other than illegality. The ground Diaz originally argued in the District Court, lack of probable cause, does relate to illegality. The ground Diaz argued in limine, remoteness, does not. We conclude the error is harmless, nevertheless, because the remoteness in time goes to the weight to be given the evidence and not its admissibility.

Diaz also moved in limine to exclude evidence of his reply that he would prefer not to answer Trooper Luce's inquiry whether he was the driver of the vehicle involved in the accident. Diaz argued at trial and on appeal that the jury should not be told and should not consider his exercise of his Fifth Amendment right to remain silent in response to police questioning. The State argued, and the court agreed, (1) that Diaz had failed to preserve that issue by not presenting his argument to the District Court on his suppression motion and (2) that Fifth Amendment protection did not apply in the absence of custodial interrogation. On appeal the State adheres to the first argument and argues for the first time that Diaz did not invoke his right to remain silent.

■ As we explained above, M.R.Crim.P. 41A addresses evidence illegally obtained. For example, a statement obtained in violation of the requirements of Miranda v. Arizona, 384 U.S. 436, 467–73, 86 S.Ct. 1602, 1624–27, 16 L.Ed.2d 694 (1966), would be a statement subject to suppression because it was illegally obtained. Neither the Miranda rule nor the Fifth Amendment prevents Trooper Luce from questioning Diaz. The Fifth Amendment does, however, prevent the use against Diaz of his declination to answer.

The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment prohibits the prosecution from introducing testimony or making reference at trial to a defendant's invocation of the right to remain silent. Doyle v. Ohio, 426 U.S. 610, 618–19, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976); Griffin v. California, 380 U.S. 609, 614, 85 S.Ct. 1229, 1232–33, 14 L.Ed.2d 106, reh'g denied, 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965). "The right to remain silent, unlike the right to counsel, attaches before the institution of formal adversary proceedings." Coppola v. Powell, 878 F.2d 1562, 1565 (1st Cir.1989) (quoting United States ex rel. Savory v. Lane, 832 F.2d 1011, 1017 (7th Cir.1987)) (emphasis added). The First Circuit "has been vigilant in enforcing this rule," Coppola, 878 F.2d at 1568 (citing United States v. Elkins, 774 F.2d 530, 535–40 (1st Cir.1985) (impermissible reference to defendant's silence occurs not only when objectionable comments explicitly refer to defendant's failure to answer questions, but also when reference to his silence is more oblique)). We distinguish this case from those in which the prosecution uses a defendant's silence to impeach his credibility. See Jenkins v.

*Anderson,* 447 U.S. 231, 235, 100 S.Ct. 2124, 2127–28, 65 L.Ed.2d 86 (1980). In this instance, however, the Constitution clearly requires the exclusion of evidence of the defendant's failure to answer Trooper Luce's question.

 We recognize that a constitutional violation may be found harmless if we are satisfied beyond a reasonable doubt that the error did not affect the outcome of the trial. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, *reh'g denied,* 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). Although there was sufficient evidence that Diaz was operating the vehicle at the time of the accident, two circumstances prevent us from finding the error to be harmless beyond a reasonable doubt.

First, the prosecution twice relied on the inference to be drawn from Diaz's failure to answer. In its closing argument the State referred to the fact that Diaz did not want to answer the trooper's question, and stated, "You determine what he meant by that statement and why he said it." In rebuttal the State responded to the defense argument that no proof existed that Diaz had been the driver. The State reminded the jury that Diaz had said he would rather not answer the question who was operating the truck. Diaz's motion for a mistrial was denied by the court without comment.

Second, the court denied a defense request to instruct the jury that they "must not draw any adverse inference from the fact that a person has exercised [the right not to answer]." The court did give the first two sentences of Diaz's requested jury instruction to the effect that every person has the right to refrain from answering any question asked by a police officer. The court's refusal to give the instruction requested in the third sentence, however, left the jury free to infer guilt from the fact of Diaz's exercise of his Fifth Amendment right. In these circumstances, we cannot say that such erroneous rulings by the court did not affect the outcome of the trial.

No other issue requires our consideration.

The entry is:

Judgment vacated.

All concurring.